[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 02, 2007
THOMAS K. KAHN
CLERK

No. 06-13607
Non-Argument Calendar

_____

D. C. Docket No. 06-00035-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO PAZ-RENGIFO,

Defendant-Appellant.

_____

No. 06-13608
Non-Argument Calendar

_____

D. C. Docket No. 06-00035-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NERY FABIAN GOMEZ-VALENZUELA,
a.k.a. John Edward Ramirez,

Defendant-Appellant.

_____

No. 06-14407
Non-Argument Calendar
_____

D. C. Docket No. 06-00035-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO CUERO-ESTASIO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(May 2, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Ernesto Paz-Rengifo, Alberto Cuero-Estasio, and Nery Fabian Gomez-Valenzuela appeal their sentences imposed after each pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, and one count of possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2.  We affirm their sentences.

## I.  DISCUSSION

### A.  *Minor-Role Reduction*

Paz-Rengifo, Cuero-Estasio, and Gomez-Valenzuela assert each is entitled to a two-level minor-role reduction, pursuant to U.S.S.G. § 3B1.2.  Each asserts he played a minor role within a larger cocaine-smuggling conspiracy and a minor role compared to the roles played by other, unnamed persons involved in their cocaine-smuggling venture.  Paz-Rengifo specifically asserts he should not have received the same sentence as the more-culpable captain of the boat, as this created an unwarranted sentencing disparity.

Following the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the sentencing court must still "consult the Guidelines and correctly calculate the range provided by the Guidelines" in determining a defendant's sentence.  *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

We review the district court's findings concerning a defendant's role in the offense for clear error. *United States v. DeVaron*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "The defendant bears the burden of proving his minor role by a preponderance of the evidence." *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002).

A district court may decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2. A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* at comment. (n.5).

There is two-pronged approach to determining whether a minor-role reduction is warranted. *See DeVaron*, 175 F.3d at 940. First, "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable–not a minor role in any larger criminal conspiracy–should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944. In the drug courier context, the amount of drugs imported may be dispositive of the defendant's role in the offense. *Id.* at 943.

Second, "the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." *Id.* at 944. "First,

4

the district court should look to other participants only to the extent that they are identifiable or discernable from the evidence. This is a fact-intensive inquiry. Second, the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant." *Id.* It is possible that no participant played a minor role. *Id.*

Paz-Rengifo, Cuero-Estasio, and Gomez-Valenzuela were held accountable for trafficking 366 kilograms of cocaine, or the amount recovered from the area where they were seen dumping, such that there is no risk they were held accountable for conduct broader than their specific acts. *See id.* at 941. This amount of cocaine was a significant amount. *See id.* at 943. None of these crew members have satisfied their burdens of proving they played a minor role in relation to trafficking this significant amount of cocaine. *See Boyd*, 291 F.3d at 1277.

Furthermore, the only participants in this cocaine-smuggling venture who are identifiable from the record are Paz-Rengifo, Cuero-Estasio, Gomez-Valenzuela, and their two codefendants. Each of these crew members helped jettison cocaine from the boat upon being discovered by the U.S. Coast Guard personnel. Cuero-Estasio also served as a driver. Paz-Rengifo, Cuero-Estasio, and Gomez-Valenzuela have not satisfied their burdens of proving they were less culpable than most of the other crew members. *See De Varon*, 175 F.3d at 944.

5

Their contentions they were less culpable than other, unnamed participants in the venture or a larger conspiracy are without merit. *See id.*

Accordingly, the district court did not clearly err in denying minor-role adjustments to Paz-Rengifo, Cuero-Estasio, and Gomez-Valenzuela. We affirm their sentences as to this issue.

B. *Reasonableness*

Paz-Rengifo and Cuero-Estasio contend their sentences are unreasonable.[1] "After *Booker*, sentencing requires two steps." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). The sentencing court must first correctly calculate the defendant's Guidelines range. *Id.* Second, the sentencing court must consider the factors listed in 18 U.S.C. § 3553(a) to determine a reasonable sentence. *Id.* 18 U.S.C. § 3553(a) provides the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing, namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. The statute further instructs the sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences

---

[1] Gomez-Valenzuela does not challenge the reasonableness of his sentence.

available, and the need to avoid unwanted sentencing disparities.  18 U.S.C.

§ 3553(a).

The district court is not required to discuss each factor or state on the record

that it has explicitly considered each factor.  *Talley*, 431 F.3d at 786.  Furthermore,

although a sentence within the Guidelines range will not be considered *per se*

reasonable, "when the district court imposes a sentence within the advisory

Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.*

at 788.

The district court correctly calculated both Paz-Rengifo's and Cuero-

Estasio's Guidelines range of 135 to 168 months' imprisonment.  Both were

sentenced to 135 months' imprisonment, at the bottom of the Guidelines range.

Furthermore, in sentencing both Paz-Rengifo and Cuero-Estasio, the district court

properly considered the § 3553(a) factors and the defendant's arguments.  Paz-

Rengifo's argument that receiving the same sentence as the captain of the boat

created an unwarranted sentencing disparity is without merit, as any different

treatment afforded the captain and Paz-Rengifo stemmed from the captain's receipt

of a § 5K1.1 reduction and therefore was reasonable.  Accordingly, we conclude

Paz-Rengifo's and Cuero-Estasio's sentences are reasonable.

7

C.  *Safety-valve*

Gomez-Valenzuela contends he was entitled to a two-level safety-valve reduction, pursuant to U.S.S.G. § 2D1.1(b)(9).  We review the district court's safety-valve decision for clear error and its legal conclusions *de novo*.  *United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006).

Pursuant to U.S.S.G. § 2D1.1(b)(9), a district court should grant a two-level reduction to a defendant's base offense level where the defendant meets certain "safety-valve" criteria listed in U.S.S.G. § 5C1.2.[2]  The safety-valve criteria include:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5).  The defendant bears the burden of proving his satisfaction of the § 5C1.2(a) criteria and eligibility for safety-valve relief.  *Milkintas*, 470 F.3d

---

[2] Pursuant to U.S.S.G. § 5C1.2, a district court can sentence a defendant without regard to any statutory mandatory minimum if the defendant has met certain criteria.  This provision allows a district court to sentence a defendant within the Guidelines range, where that range encompasses sentences below the mandatory minimum sentence.  *See United States v. Cruz*, 106 F.3d 1553, 1556-57 (11th Cir. 1997).  Section 5C1.2 is inapplicable to Gomez-Valenzuela because the mandatory minimum for his convictions was lower than the bottom of his Guidelines range.

8

at 1345. It is the district court's duty to determine the truthfulness and completeness of the information provided by the defendant and where the district court simply accepts the government's position, this Court must vacate and remand the case for the appropriate factfinding. *United States v. Espinosa*, 172 F.3d 795, 796-97 (11th Cir. 1999).

Based on the district judge's statement that he recognized Gomez-Valenzuela was not eligible for a safety-valve reduction because "in the government's view, he hasn't been entirely truthful with regard to what transpired in this case," it appears the district court judge deferred to the Government's position in denying Gomez-Valenzuela's safety-valve reduction. This conclusion also is further supported by the district court judge's statement that he did not know whether Gomez-Valenzuela was being untruthful or whether Gomez-Valenzuela's codefendants were being untruthful. Such a reliance on the Government's arguments is a violation of the district court's duty to make a finding of fact regarding truthfulness and completeness, and the district court erred. *See Espinosa*, 172 F.3d at 796.

"[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect

9

the district court's selection of the sentence imposed." *Williams v. United States*, 112 S. Ct. 1112, 1120-21 (1992) (citing Fed. R. Crim. P. 52(a)).

The district court's error was harmless. Had the district court granted a 2-level reduction of Gomez-Valenzuela's base offense level under § 2D1.1(b)(9), Gomez-Valenzuela's Guidelines range would have been 135-168 months' imprisonment, based on an offense level of 33. *See* U.S.S.G. ch. 5, pt. A, chart. As Gomez-Valenzuela was sentenced to a non-Guidelines sentence of 135 months' imprisonment, the same sentence as his co-conspirators, the 2-level reduction would not affect his sentence. Accordingly, because a safety-valve reduction would not result in a change in Gomez-Valenzuela's sentence, we affirm Gomez-Valenzuela's sentence as to this issue.

## II. CONCLUSION

Paz-Rengifo and Cuero-Estasio were not entitled to minor-role reductions and did not receive unreasonable sentences. Additonally, Gomez-Valenzuela was not entitled to a minor-role reduction, and any error by the district court in failing to grant a safety-valve reduction was harmless. Thus, we affirm their sentences.

**AFFIRMED.**