[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10831
Non-Argument Calendar
_____

D. C. Docket No. 06-20226-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

UBALDO ENRIQUE NIEBLA NARVAEZ,
a.k.a. Ubaldo E. Niebla-Narvaez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 31, 2008)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Ubaldo Enrique Niebla Narvaez ("Narvaez") appeals his 210-month

concurrent sentences for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. § 1903(a), (g), (j) and 21 U.S.C. § 960(b)(1)(B); and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. § 1903(a), (g), 21 U.S.C. § 960(b)(1)(B) and 18 U.S.C. § 2.[1] After review, we affirm in part and vacate and remand in part.

## I. BACKGROUND

Narvaez and six other crew members were aboard a Panamanian-flagged vessel stopped by the United States Coast Guard on the high seas, eighty miles off the coast of Honduras. After boarding, the Coast Guard found 104 bales of cocaine, totaling 2,442 kilograms, hidden in one of the vessel's ballast tanks. Narvaez was the vessel's captain.

In an interview following his arrest, Narvaez admitted he knew the bales of cocaine were stored on the vessel, described the loading of the cocaine from a smaller "go-fast" boat at sea and stated the entire crew knew the vessel was transporting drugs and participated in loading the bales onto the vessel. Narvaez

_____

[1]Six months after Narvaez was indicted, Congress recodified the Maritime Drug Law Enforcement Act, which can now be found at 46 U.S.C. §§ 70501-70507. See Act of Oct. 6, 2006, Pub. L. No. 109-304, § 10(2), 120 Stat. 1485, 1685-88.

identified Jimmy Solis as the person who recruited him and the rest of the crew for the trip and acknowledged money found on the vessel was given to him in advance to pay the crew.

However, in a subsequent debriefing two months later, Narvaez denied knowing many details of the importation scheme, including how much money he would be paid, the quantity of drugs involved, where the drugs would be hidden on the vessel, to whom the drugs were being delivered, and when and where the drugs would be offloaded. Narvaez also stated he did not see which individuals loaded the bales onto the vessel from the "go-fast" boat and he never bothered to inspect the cocaine or see where it was stored.

Narvaez pled guilty to both counts. Narvaez's presentence investigation report ("PSI") assigned him a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1), based on the drug quantity involved. The PSI recommended a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(2)(B), because Narvaez was the captain of the vessel, resulting in a total offense level of 40. With a criminal history category of I, the PSI calculated an advisory guidelines range of 292 to 365 months' imprisonment.

At sentencing, the government conceded Narvaez was entitled to a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1,

3

which reduced his offense level to 37.

Narvaez sought a safety-valve reduction, claiming he was truthful in his second interview and he lacked knowledge of many details of the offense. The government responded Narvaez was not eligible for safety-valve relief because he made significantly different statements during his first and second interviews. The government argued Narvaez's claimed ignorance of the details surrounding the cocaine transportation was inconsistent with his position as captain of the vessel, the large amount of cocaine involved and the alterations to the vessel to hide the cocaine. The district court expressed doubt an able captain would be unaware of such a significant physical alteration to the vessel. Narvaez also challenged the PSI's application of the two-level enhancement for his role as the vessel's captain.

Requesting a 135-month sentence, Narvaez asked the court to consider (1) Narvaez was under duress during the offense conduct; (2) he lacked detailed knowledge of the overall drug conspiracy; and (3) Narvaez's age, lack of criminal history, low risk of recidivism and eventual deportation. Defense counsel read a letter from Narvaez's friends and neighbors attesting to his good character. The government responded the captain enhancement was appropriate, pointed out the record did not support Narvaez's claims of duress, and asked for a 210-month sentence.

4

After hearing the parties' argument, the district court granted Narvaez the three-level reduction for acceptance of responsibility, but denied him safety-valve relief. The district court found, given Narvaez's position as captain and the "stark differences" between his two interview statements, Narvaez had not provided truthful and complete information. Without explicitly ruling on the captain enhancement, the district court stated, "I find that the total offense level in this matter is 37. The criminal history is one, and the guideline range is 210 to 262 months. I plan to sentence the defendant within the advisory guideline range." The district court imposed two concurrent 210-month sentences. Narvaez timely appealed.

## II. DISCUSSION

### A. Safety-Valve Relief

The advisory Sentencing Guidelines provide for a two-level reduction to a defendant's offense level if he meets the criteria for the safety-valve reduction in U.S.S.G. § 5C1.2. See U.S.S.G. § 2D1.1(b)(9) (2006).[2] It is undisputed Narvaez satisfies the first four criteria of § 5C1.2. The parties dispute, however, whether

_____

[2]We review a district court's factual determinations regarding a defendant's eligibility for the safety-valve reduction for clear error. United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997); see also United States v. Brownlee, 204 F.3d 1302, 1305 (11th Cir. 2000) ("The question of whether the information [the defendant] supplied to the government . . . was truthful and complete . . . is a factual finding for the district court.").

5

Narvaez satisfied § 5C1.2(a)(5), which requires, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." U.S.S.G. § 5C1.2(a)(5). The defendant bears the burden of proof at sentencing on the truthfulness issue. United States v. Espinosa, 172 F.3d 795, 797 (11th Cir. 1999).

The district court did not clearly err in finding Narvaez was not fully truthful. The vessel picked up 104 bales of cocaine on the high seas and one of the vessel's tanks had to be cut open and physically altered to store such a significant amount of cocaine. Narvaez initially admitted the entire crew, himself included, helped load the cocaine. His subsequent claim of ignorance of details of the loading and hiding of the cocaine is inconsistent with his first interview and the reasonable inference, as the vessel's captain, that he would have known the cocaine's location on the vessel and the physical alteration of the vessel done to hide the cocaine. Furthermore, the district court did not blindly accept the government's claim Narvaez was untruthful, but rather made this finding independently.

**B.     U.S.S.G. § 2D1.1(b)(2)(B) Enhancement**

6

Section 2D1.1 of the Sentencing Guidelines increases a defendant's offense level by two levels if he "unlawfully imported or exported a controlled substance under circumstances in which . . . the defendant acted as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance." U.S.S.G. § 2D1.1(b)(2)(B).[3] The district court imposed the two-level enhancement because Narvaez was the vessel's captain.

On appeal, Narvaez argues for the first time the two-level captain enhancement violated his due process rights because it was based solely on his "status" as captain. See Robinson v. California, 370 U.S. 660, 666-67, 82 S. Ct. 1417, 1420-21 (1962) (invalidating on Eighth Amendment grounds a statute criminalizing the status of narcotics addict, rather than the use or possession of narcotics).

Because Narvaez did not raise this issue in the district court, our review is for plain error. See United States v. Ward, 486 F.3d 1212, 1221 (11th Cir.), cert. denied, 128 S. Ct. 398 (2007). To demonstrate plain error, Narvaez must show "(1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4)

---

[3]In evaluating a § 2D1.1(b)(2)(B) enhancement, "[w]e review a district court's findings of fact for clear error and its application of the Sentencing Guidelines de novo." United States v. Rendon, 354 F.3d 1320, 1329 (11th Cir. 2003).

7

the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." United States v. Douglas, 489 F.3d 1117, 1125 (11th Cir. 2007), cert. denied, 128 S. Ct. 1875 (2008).

Here, we find no plain error. Narvaez does not dispute he was the captain of a vessel carrying controlled substances. Contrary to Narvaez's argument, U.S.S.G. § 2D1.1(b)(2)(B) increases his offense level based on his role as captain of a vessel transporting over 2,400 kilograms of cocaine and thus relates to his culpable conduct, and not merely to his status. See United States v. Benefield, 889 F.2d 1061, 1064 (11th Cir. 1989) (explaining a statute that punishes conduct, rather than status, does not violate the Eighth Amendment).

## C.    Compliance with 18 U.S.C. § 3553(c)

If a sentence is within the guidelines range and exceeds 24 months, the district court must state in open court "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). In doing so, the district court should "tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006). A brief explanation may be legally sufficient, particularly in a "straightforward, conceptually simple" case. See Rita v. United States, 551 U.S. ___, 127 S. Ct. 2456, 2468-69 (2007) (finding adequate

a district court's brief statement, after hearing the parties' arguments relating to the § 3553(a) factors, that the guidelines range was not inappropriate, that the public needed to be protected and that a 33-month sentence at the bottom-end of the guidelines range was appropriate); United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (concluding reasons given by district court were adequate); United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005) (concluding that district court's statement was "sufficient in post-Booker sentences"); see also United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008) (discussing district court's § 3553(c) duties post-Booker).[4]

Here, although the district court listened to the parties' arguments relating to several of the § 3553(a) sentencing factors, it did not refer to § 3553(a) or any § 3553(a) factor at all during the hearing. The district court did not even state that, after considering the § 3553(a) factors, a 210-month sentence was appropriate. Indeed, the district court gave absolutely no reason for imposing the 210-month sentence. Instead, the district court ruled on Narvaez's guidelines objections, calculated the advisory guideline range, stated it planned to impose a sentence within that range and then imposed a 210-month sentence. Accordingly, we vacate Narvaez's sentence and remand the case to the district court for the sole purpose to

---

[4]We review de novo whether a district court complied with § 3553(c)(1). Bonilla, 463 F.3d at 1181.

permit the district court to comply with § 3553(c)(1) and provide an explanation in open court for the 210-month sentence.  See United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006) (concluding that a district court that offered no reason for sentence did not satisfy its statutory duty imposed by § 3553(c)(1)).

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**