[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15645
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20226-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

UBALDO ENRIQUE NIEBLA NARVAEZ,
a.k.a. Ubaldo E. Niebla-Narvaez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 20, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Ubaldo Enrique Niebla Narvaez ("Narvaez") appeals his 210-month

sentence imposed upon remand from this Court.  See United States v. Narvaez, 285

F. App'x 720 (11th Cir. 2008) ("Narvaez I").  After review, we affirm.

Narvaez pleaded guilty to one count of  conspiracy to possess with intent to

distribute five kilograms or more of cocaine while aboard a vessel subject to

United States jurisdiction, in violation of 46 U.S.C. app. § 1903(a), (g), (j) (2006)

and 21 U.S.C. § 960(b)(1)(B); and one count of the underlying substantive offense,

in violation of 46 U.S.C. app. § 1903(a), (g) (2006) and 21 U.S.C. § 960(b)(1)(B).[1]

At Narvaez's initial sentencing, the district court imposed a 210-month sentence, at

the low end of the advisory guidelines range of 210 to 262 months' imprisonment.

In Narvaez I, we affirmed Narvaez's convictions and sentence, but remanded for

the limited purpose of permitting the district court to comply with 18 U.S.C. §

3553(c)(1) and give an explanation in open court for the 210-month sentence.  See

18 U.S.C. § 3553(c)(1) (providing that, if the court imposes a sentence within the

applicable guidelines range that is greater than 24 months, it must state "the reason

for imposing a sentence at a particular point within the range").

At resentencing, the district court explained that it found the advisory

guidelines range "adequately reflect[ed]" the 18 U.S.C. § 3553(a) factors,

---

[1]After Narvaez's indictment, Congress recodifed 46 U.S.C. app. § 1903(a), (g), and (j) at 46 U.S.C. §§ 70503(a) and 70506(a) and (b), respectively.  See Act of Oct. 6, 2006, Pub. L. No. 109-304, § 10(2), 120 Stat. 1485, 1683-88 (revising the code sections for the Maritime Drug Law Enforcement Act).

"particularly the nature and circumstances of the offense and the history and characteristics of this defendant." The district court further stated that Narvaez:

> was a Captain of a ship. This was significant amounts of drugs that were found on this boat. I believe the quantity of the narcotics, his leadership role in this, all are contained in the nature of the offense which is 3553, which is why I sentenced the defendant to the 210 month sentence.

Given that the district court sentenced Narvaez within the advisory guidelines range, its explanation for Narvaez's sentence was sufficient to comply with § 3553(c)(1).[2] See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005) (explaining that a simple statement by the court explicitly acknowledging the factors set forth in § 3553(a) is sufficient); see also Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."). The district court referenced the § 3553(a) factors and explained that Narvaez's "leadership role" and the "quantity of the narcotics" formed the basis for his particular sentence. Thus, the district court tailored its comments to show the particular sentence imposed was appropriate in light of the § 3553(a) factors. See Bonilla, 463 F.3d at 1181.

**AFFIRMED.**

---

[2]We review de novo whether a district court complied with § 3553(c)(1). United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006)