**[PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

_____

No. 96-5208
Non-Argument Calendar

_____

D.C. Docket No. 95-142-CR-LCN

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/15/99
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FIDEL ESPINOSA,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(April 15, 1999)**

Before HATCHETT, Chief Judge, and TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Fidel Espinosa, having been convicted by a jury of four offenses involving cocaine trafficking, appeals the sentences he received in the district court for those offenses. The only question he raises is whether the district court, in ruling on Espinosa's request for a two-level reduction of his base offense level under U.S.S.G. § 2D1.1(b)(6),[1] improperly deferred to the Government.

Section 2D1.1(b)(6) provides a two-level decrease for a defendant who meets the requirements of the safety-valve provision of 18 U.S.C. § 3553(f)(1)-(5) (listed verbatim in U.S.S.G. § 5C1.2.). At issue here is the district court's deference to the Government's position on whether Espinosa complied with the fifth safety-valve requirement. That requirement is as follows:

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5) (1994) (emphasis added).

---

[1] Appellant was sentenced under the 1995 version of the sentencing guidelines, in which this provision was located at § 2D1.1(b)(4). The content of the subsection is unchanged; hence, we cite to the current version of the sentencing guidelines.

Prior to sentencing, Espinosa gave the Government a statement concerning the cocaine trafficking that led to his and his confederates' indictment. Then, at the sentencing hearing, he asked the district court to determine the truthfulness of the information he had provided, and to give him the benefit of the safety-valve provision. The Government objected, contending that Espinosa had not told the truth regarding the quantity of cocaine involved in the trafficking scheme. According to Espinosa, 30 kilograms were involved; according to the Government, it was 300 kilograms. The court's response to this dispute was to say that because Espinosa had not testified at trial, it had no way of knowing whether he was telling the truth. The court therefore accepted the Government's position and denied Espinosa's request for an offense-level reduction.

The district court erred in deferring to the Government; the responsibility for determining the truthfulness of the information the defendant provided to the Government was the court's. See United States v. White, 119 F.3d 70, 73 (1st Cir. 1997); United States v. Gambino, 106 F.3d 1105, 1110 (2d Cir. 1997); United States v. Maduka, 104 F.3d 891, 895 (6th Cir. 1997); United States v. Thompson, 81 F.3d 877, 880 (9th Cir. 1996). The burden of proof on the truthfulness issue lies, of course, with the defendant.

VACATED and REMANDED, for further proceedings not inconsistent with this opinion.