[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11072
Non-Argument Calendar

_____

D. C. Docket No. 05-00385-CR-T-17TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FASTINO GARCIA-ARRIETA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 2, 2006)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Fastino Garcia-Arrieta appeals his 210-month concurrent sentences imposed

after he pled guilty to one count of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a) and (g) and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii).  After review, we vacate and remand.

## I. BACKGROUND

Garcia-Arrieta and his codefendants were spotted in a "go-fast" boat in international waters by the United States Coast Guard.  Upon observing the Coast Guard, Garcia-Arrieta and his codefendants engaged in evasive maneuvers and began jettisoning overboard bales of what was later determined to be cocaine. After the crew refused requests to stop the "go-fast" boat, the Coast Guard utilized disabling fire to incapacitate the boat's engines.  Approximately 1,500 kilograms of cocaine ultimately were recovered from the boat and the water.  An investigation revealed that Garcia-Arrieta was the captain of the "go-fast" boat, while his codefendants acted as crewmen.

The presentence investigation report ("PSI") calculated Garcia-Arrieta's base offense level as 38 under U.S.S.G. § 2D1.1(c), based on the fact that Garcia-

Arrieta attempted to assist in the distribution of approximately 1,500 kilograms of cocaine. The PSI included a two-level enhancement based on Garcia-Arrieta's role as the captain of the boat, pursuant to U.S.S.G. § 2D1.1(b)(2)(B), and a three-level reduction for acceptance of responsibility for his offense, pursuant to U.S.S.G. § 3E1.1(a), (b). Thus, Garcia-Arrieta had a total offense level of 37 and criminal history category of I, resulting in an advisory Guideline imprisonment range of 210 to 262 months. The PSI did not recommend a safety-valve reduction pursuant to U.S.S.G. §§ 2D1.1(b)(7), 5C1.2 based on the government's assertion that Garcia-Arrieta had not fully cooperated.

At sentencing, Garcia-Arrieta objected to the fact that he did not receive a safety-valve reduction. The government asserted that Garcia-Arrieta had not fully cooperated with the government and had not disclosed all the information of which he was aware. The government specifically noted that Garcia-Arrieta refused to reveal the identity of any co-conspirators who had provided him with global positioning system ("GPS") coordinates for the "go-fast" boat. Garcia-Arrieta did not testify at the hearing. The district court overruled Garcia-Arrieta's objection, stating that "the completeness of [Garcia-Arrieta's disclosure] is in the hands of the government, and this Court is going to honor that." The district court later stated that it was not the district court's role to determine whether Garcia-Arrieta had

3

been truthful as follows:

> It is not the role of the Court to determine whether or not you have been complete and truthful with regard to what you have told the law enforcement agents. What they know this Court is not privileged to. If their evaluation is that you have not been complete, the Court is relying upon the issue of completeness with regard to the safety valve.

The district court sentenced Garcia-Arrieta to 210 months' imprisonment and five years of supervised release on each count, to run concurrently. Garcia-Arrieta timely appealed.

## II. DISCUSSION

On appeal, Garcia-Arrieta argues that the district court erred when it deferred to the government's assessment of the truthfulness and completeness of the information he provided regarding his offense conduct in connection with his request for "safety-valve" relief.[1] Garcia-Arrieta cites United States v. Espinosa, 172 F.3d 795 (11th Cir. 1999), in support of his argument.

We agree with Garcia-Arrieta that Espinosa controls this case. In Espinosa, the district court deferred to the government's assessment of the truthfulness of a statement the defendant provided to support his request for safety-valve relief.

---

[1] The Sentencing Guidelines provide for a two-level "safety-valve" reduction in the offense level for certain drug-related crimes if the defendant meets five criteria as set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). U.S.S.G. § 2D1.1(b)(7). The fifth safety-valve factor requires the defendant to show that: "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).

4

Espinosa, 172 F.3d at 796-97. We vacated and remanded for resentencing, holding that "[t]he district court erred in deferring to the Government; the responsibility for determining the truthfulness of the information the defendant provided to the Government was the court's." Id. at 797.

In resolving the parties' arguments concerning the completeness and truthfulness of Garcia-Arrieta's disclosure in this case, the district court stated that "the completeness of [Garcia-Arrieta's disclosure] is in the hands of the government, and this Court is going to honor that" and "[i]t is not the role of the Court to determine whether or not you have been complete and truthful with regard to what you have told the law enforcement agents." This was an improper deferral to the government of the district court's responsibility for determining the truthfulness and completeness of Garcia-Arrieta's disclosure. See id. While the district court should certainly consider the government's evaluation, it is the district court's ultimate duty to make a fact finding as to whether a defendant "has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a)(5). Therefore, we must vacate and remand to the district court for the limited purpose of allowing the district court to make the required fact finding as to

5

the truthfulness and completeness of Garcia-Arrieta's disclosure. The burden of proof on the issue lies with Garcia-Arrieta.

Although we vacate Garcia-Arrieta's sentences, we point out that he raises no challenge to the advisory Guidelines calculation or range other than the safety-valve issue. Thus, on remand, the only issue to be addressed is whether Garcia-Arrieta is entitled to a safety-valve reduction.[2]

### III. CONCLUSION

For the above reasons, we vacate Garcia-Arrieta's sentences and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

[2]We do not suggest that on remand the district court must impose any particular sentence or that the district court is not free to impose the same sentence. Furthermore, as this is a limited remand to permit the district court to determine the truthfulness and completeness of Garcia-Arrieta's disclosure, Garcia-Arrieta may not re-argue issues already or necessarily decided during the first sentencing which either have been affirmed in this appeal or could have been but were not raised by him during this appeal. See United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003) (explaining that when the appellate court issues a limited mandate, "the trial court is restricted in the range of issues it may consider on remand").