[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10970
Non-Argument Calendar

_____

D. C. Docket No. 04-00060-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 30, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Manuel Castillo appeals his seventy month sentence for conspiracy to

possess cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Castillo argues that he played a minor role in the conspiracy and that he was completely truthful about his involvement. He claims that the trial court therefore erred in denying him safety-valve relief and a minor-role reduction. He also argues that the court failed to properly evaluate his arguments for a sentence below the Sentencing Guidelines range. Because we find that the trial court did not clearly err in denying such relief and was not unreasonable in determining his sentence, we affirm the decision below.

*Background*

Following a plea agreement, Castillo was sentenced to seventy months for possession with intent to distribute cocaine. Castillo admitted that following negotiations between a confidential source ("CI") and co-defendant Roberto Cayetano-Rijo ("Cayetano") about the sale of several kilograms of cocaine, Castillo and Cayetano traveled to Tampa to inspect the cocaine. While there, Castillo, upon viewing the cocaine, cut a piece of it, rubbed it in his hand, and smelled it. According to Cayetano's account, they then left in order to acquire money to make the purchase, eventually receiving money via Western Union from the Dominican Republic. Cayetano and Castillo were arrested when they met with the CI again to purchase the cocaine. Despite having this information confirmed

2

by Western Union records, Castillo denied any knowledge of the financial transaction.

At sentencing following a guilty plea, Castillo asserted that he had been truthful regarding his involvement with the drugs and that he played a minor role in the conspiracy, acting merely as a driver. The district court disagreed, finding that he taken part in arranging for money for their purchase and that he had tested the drugs to ensure that they were cocaine. Accordingly, it found that he was not entirely truthful, and denied him both safety-valve relief and a minor-role reduction. On appeal, Castillo first argues that the district court erred by denying him safety-valve relief because the government did not sufficiently refute his explanations for his actions in smelling the cocaine. He further argues that since the district court conceded that, compared to his co-defendant, he was a lesser participant in the criminal venture, it should have granted the minor-role reduction. Additionally, he contends that the district court failed to properly consider his arguments for a sentence below the Guidelines.

*Standard of Review*

The standard of review of a district court's factual determinations of whether to grant safety-valve relief is clear error. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). The district court's findings of credibility are

3

accorded special deference. *United States v. Amedeo*, 370 F.3d 1305, 1318 (11th Cir. 2004). Additionally, we review a district court's decision on whether to grant a minor-role reduction for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Finally, we review sentences under the advisory guideline regime for "unreasonable[ness]." *United States v. Booker*, 543 U.S. 220, 261, 125 S. Ct. 738, 765, 160 L. Ed. 2d 621 (2005).

*Discussion*

A defendant is entitled to safety-valve relief if he "meets [*inter alia*, the] criteria [that] not later than the time of the sentencing hearing, the defendant has truthfully provided the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct." *United States v. Simpson*, 228 F.3d 1294, 1304-1305 (11th Cir. 2000)(citing 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2). "The burden of proof on the truthfulness issue lies, of course, with the defendant." *United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999)(per curiam).

In this case, Castillo repeatedly denied knowledge of the Western Union transaction, despite the contradictory testimony of his co-defendant and the government's proffer of financial records demonstrating otherwise. Following the introduction of this evidence, his only explanation for the discrepancy was his

4

alleged failure to remember the transaction. In light of the fact that Castillo carried the burden of demonstrating his truthfulness, we find that it was not clearly erroneous for the district court to conclude that he was not eligible for safety-valve relief.

Castillo further argues that he played a minor role in the conspiracy and is therefore entitled to a minor role reduction. "Minor participants may receive a two-level reduction, and. . . a minor role in the offense 'means any participant who is less culpable than most other participants, but whose role could not be described as minimal.'" *Rodriguez De Varon,* 175 F.3d at 939 (citing U.S.S.G. § 3B1.2, comment. (n.3)). The defendant has the burden of establishing his role by a preponderance of evidence. *Id.* For a sentencing court to determine whether to grant a minor-role reduction, it considers two principles. *Id.* at 940. First, the court must measure the defendant's role against the relevant conduct for which he is being held accountable. *Id.* The second prong of the minor-role reduction analysis permits a district court, "where the record evidence is sufficient . . . [, to] measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id.* at 934.

In this case, the district court noted that Casteyano appeared to have played a bigger role than Castillo in the drug purchase. However, the court also

considered that Castillo was only being held accountable for his role in the conspiracy and that he performed several aspects of the conspiracy, namely driving, testing the cocaine and receiving money on behalf of the group. In light of the extent of his participation, we find that the district court did not clearly err in denying the minor role reduction.

Finally, Castillo argues that his sentence was unreasonable, despite being at the low end of the advisory guideline range, because the district court did not "sufficiently evaluate" his arguments for a sentence below the guideline range, in light of the factors enumerated in 18 U.S.C. § 3553(a). To successfully challenge his sentence, Castillo must establish that his sentence is unreasonable in the light of the factors in section 3553(a). *United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005). While a sentence within the advisory guideline range is not *per se* reasonable, it is expected to be reasonable. *See id.*

We have held that in determining sentences, the district court must first correctly calculate the defendant's guideline range, then, using the § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence, as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). In this case, the district court calculated the sentence range and stated that it had taken into account the § 3553(a) factors before sentencing. The district

court was not required to engage in a detailed, step-by-step analysis of every factor. *Scott,* 426 F.3d at 1329. Rather, the district court's acknowledgment and consideration of these factors is sufficient, especially since it sentenced Castillo to the low end of the guidelines range, demonstrating that it had considered his evidence in mitigation.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

**AFFIRMED.**