[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15806
Non-Argument Calendar
_____

D. C. Docket No. 07-00068-CR-ORL-18DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS RODRIGUEZ-COLON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 15, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Carlos Rodriguez-Colon appeals his 120-month mandatory minimum

sentence, which was imposed after he pleaded guilty to conspiracy to possess with intent to distribute and to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. On appeal, Rodriguez-Colon argues that the district court clearly erred in finding that he did not satisfy the fifth prong of the safety valve under section 5C1.2(a) of the U.S. Sentencing Guidelines. Rodriguez-Colon contends that he did "truthfully provide to the Government all information and evidence [he] had concerning the offense," and thus qualifies for an exemption from the mandatory minimum. U.S. SENTENCING GUIDELINES MANUAL § 5C1.2(a) (2007).

When reviewing denial of safety-valve relief, we review the district court's findings of fact for clear error and the application of the sentencing guidelines to those facts *de novo*. *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004) (per curiam). A district court must sentence a defendant without regard to any statutory minimum if the defendant meets the five criteria under section 5C1.2(a). *See United States v. Brownlee*, 204 F.3d 1302, 1304 (11th Cir. 2000); *see also* U.S. SENTENCING GUIDELINES MANUAL § 5C1.2. Section 2D1.1(b)(11) provides for a two-level decrease in the offense level if the defendant satisfies the section 5C1.2(a) requirements. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(11).

Subsections 5C1.2(a)(1)-(4) state that a defendant must have no more than one criminal history point; must not have been a leader in the offense; and, must have been non-violent during commission of the offense. *See* U.S. SENTENCING GUIDELINES MANUAL§ 5C1.2(a)(1)-(4). The district judge found that Rodriguez-Colon satisfied the first four safety valve requirements.

However, the district judge found that Rodriguez-Colon had not satisfied the fifth safety valve requirement. The fifth prong of the safety valve places on the defendant "an affirmative responsibility to truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." *Johnson*, 375 F.3d at 1302 (quotation and citation omitted); U.S. SENTENCING GUIDELINES MANUAL § 5C1.2(a)(5). "Thus, the burden is on the defendant to come forward and to supply truthfully to the government all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." *United States v. Milkintas*, 470 F.3d 1339, 1345 (11th Cir. 2006) (per curiam) (quotation and alteration omitted). There is no initial burden on the government to solicit information from the defendant. *Id.* at 1346. Moreover, a defendant cannot qualify for the safety valve "merely by expressing a willingness to provide information . . . ." *Id.* Thus, the burden was on Rodriguez-Colon to actually

3

provide the government all of the information that he had about the narcotics scheme.

Lies and omissions do not necessarily disqualify a defendant from safety-valve relief as long as the defendant later makes a truthful and complete proffer. *Brownlee*, 204 F.3d at 1305. A district court cannot apply the safety valve if it determines that the defendant "withheld or misrepresented information," even if the information would not have aided further investigation or prosecution if properly disclosed. *United States v. Figueroa*, 199 F.3d 1281, 1282-83 (11th Cir. 2000) (per curiam). In determining the honesty of a defendant, the district court must independently assess the facts and may not rely on the government's assertion of dishonesty. *United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999) (per curiam).

Here, the district court did not clearly err in finding that Rodriguez-Colon failed to provide a full and truthful proffer. When Rodriguez-Colon sat down with the police to provide a proffer, he lied and stated that he had not received his *Miranda* warnings. The police concluded the proffer session because Rodriguez-Colon started the session by not telling the truth. At no subsequent time did either Rodriguez-Colon or his counsel ask the police to reconvene a proffer session. The burden was on Rodriguez-Colon to request an opportunity to truthfully tell the

4

police all he knew. *See Milkintas*, 470 F.3d at 1345.

Rodriguez-Colon did provide a Notice of Compliance in an attempt to satisfy the fifth prong of the safety valve. The district court did not clearly err by finding his written proffer inadequate. There are a number of inconsistencies between his Notice of Compliance and his earlier confessions. For example, in his written proffer, Rodriguez-Colon states that he had only ever opened one or two parcels, which is belied by his earlier confession that he knew the prior contents of four empty parcels found in his apartment. Additionally, in his written proffer, Rodriguez-Colon states that he did not know the type or quantity of drugs contained within the packages he transported. We cannot say that the district judge clearly erred in disbelieving him, when Rodriguez-Colon confessed that he was paid by the "kilo," a term associated with cocaine, and further confessed that he knew the drug could not be marijuana because it was a white powder. Furthermore, Rodriguez-Colon failed in his proffer to identify all of his associates in the narcotics scheme.

We conclude that the district court did not err in determining that Rodriguez-Colon failed to make a complete and truthful proffer pursuant to section 5C1.2(a)(5). Therefore, he is ineligible for safety-valve relief, and the mandatory minimum of 10 years applies.

## CONCLUSION

Upon review of the parties' briefs and the record, we discern no reversible error.  Accordingly, we affirm Rodriguez-Colon's 120-month sentence.

**AFFIRMED.**