[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11625
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00260-CR-T-24MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2009)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Elias Cruz appeals his 60-month sentence imposed following his guilty plea

for conspiracy to manufacture and possess with intent to distribute 100 or more

marijuana plants and manufacturing and possessing with intent to distribute 100 or more marijuana plants. Because Cruz did not meet his burden to establish the five applicable criteria, the district court properly denied a reduction under the safety-valve provision pursuant to U.S.S.G. § 5C1.2.

Cruz was indicted for one count of conspiracy to manufacture and possess with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 846, and one count of manufacturing and possession with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 841. In his guilty plea, Cruz admitted that, when police searched the home in which he was present there were 188 marijuana plants as well as items used to grow and cultivate the plants, and that he had agreed to grow and distribute the marijuana.

By statute, the mandatory minimum was 60 months' imprisonment. 21 U.S.C. § 841(b)(1)(B)(vii). In preparing the presentence investigation report, the probation officer concluded that Cruz was ineligible for the safety-valve provision, which would have permitted the court to sentence Cruz below the mandatory minimum, because Cruz did not provide complete and truthful information in his debriefing.[1] Cruz objected to the failure to apply the safety-valve provision.

At sentencing, Cruz declined to testify, stating he had already said

---

[1] Had the provision applied, the sentencing range would have been 24 to 30 months' imprisonment. See U.S.S.G. § 5C1.2(b) and Sentencing Table.

2

everything he knew and there was no need to say it again. The court warned that Cruz's failure to testify would result in the denial of the safety-valve application. The government then presented the following testimony of DEA Agent Kevin Clark: In January 2007, during the investigation, authorities observed codefendant Poggini arrive at the house in which Cruz was staying. Another car arrived with two men later identified as Cruz's nephew, Juan Carlos, and Lazro Cortina, the owner of the house. The following week, Cruz placed the utilities for the house in his name. Clark opined that Cruz's nephew was part of the marijuana conspiracy and had convinced Cruz to act as caretaker over the plants.[2] Cruz admitted having access to the buildings where the plants were kept and knew the plants were there and expected to be paid.

During the 60- to 90-minute interview, Cruz gave descriptions and nicknames of people involved, but did not give any names. Cruz denied knowing Poggini and Cortina. At no time during the interview did Cruz refuse to answer any questions. Clark explained, however, that he did not ask specific questions during the debriefing because it was Cruz's obligation to offer everything he knew. Clark had a "strong belief in [his] mind" that Cruz was withholding information, but he could not confirm Cruz lied.

---

[2] Paperwork seized from other grow houses in the conspiracy showed $1,000 payments to and from Carlos.

After noting that Cruz had not testified, the court found that Cruz had not been truthful with authorities based on Clark's testimony, Cruz's guilty plea, the utilities in Cruz's name, and Cruz's nephew's role. The court also noted that Cruz expected to be paid for his role. Accordingly, the court concluded that Cruz had not carried his burden and was not eligible for the safety-valve reduction. The court sentenced him to the mandatory minimum sentence of 60 months' imprisonment.

Cruz's sole issue on appeal is that the court erred by refusing to apply the safety-valve provision because there was no basis for the court to conclude that he did not provide full and truthful information in his debriefing. Cruz further argues that the court is punishing him for his decision not to testify at sentencing, in violation of his Fifth Amendment right.

We review "a district court's factual determinations and subsequent denial of safety valve relief for clear error." United States v. Camacho, 261 F.3d 1071, 1073 (11th Cir. 2001) (citation omitted). The defendant has the burden of proving his eligibility for relief under U.S.S.G. § 5C1.2. United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

The safety-valve provision permits the court to impose a sentence below a statutory minimum sentence if a defendant meets the five criteria set forth in the

statutory subsection. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; United States v. Brownlee, 204 F.3d 1302, 1304 (11th Cir. 2000). Relevant to this appeal, the defendant must show that he truthfully provided the government with all the information and evidence he had "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). "[T]he burden is on the defendant to come forward and to supply truthfully to the government all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." United States v. Milkintas, 470 F.3d 1339, 1345 (11th Cir. 2006) (quotation and alteration omitted). There is no initial burden on the government to solicit information from the defendant. Id. at 1346. Moreover, a district court cannot apply the safety valve if it determines that the defendant "withheld or misrepresented information," even if the information would not have aided further investigation or prosecution if properly disclosed. United States v. Figueroa, 199 F.3d 1281, 1282-83 (11th Cir. 2000).

In determining the honesty of a defendant, the district court must independently assess the facts and may not rely on the government's assertion of dishonesty. United States v. Espinosa, 172 F.3d 795, 796-97 (11th Cir. 1999). As

such, the court has a duty to determine whether the statement provided by the defendant is truthful and complete. Id. at 797. "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002).

Here, the reasons given by the district court support the denial of the reduction. Clark testified that he believed Cruz was not forthcoming based on the involvement of Cruz's nephew and the nephew's connection to the owner of the home. The government was not required to solicit information; Cruz had the responsibility to provide information on the offenses. Cruz's refusal to testify at sentencing left the district court with little ability to access his credibility. Because the burden rested with Cruz, and Cruz offered nothing to establish he was entitled to the reduction, the court properly denied the reduction.

We further conclude that, although the Fifth Amendment right against self-incrimination extends to sentencing, Mitchell v. United States, 526 U.S. 314, 319, 199 S.Ct. 1307, 1310, 143 L.Ed.2d 424 (1999), Cruz was not punished for his refusal to testify. Rather, he simply did not receive a benefit to which he would have been entitled had he met his burden.

For the foregoing reasons, we AFFIRM.