[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10030
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:06-cr-20555-ASG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN WALKER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 5, 2010)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

This is John Walker's second direct appeal. Walker first appealed his

convictions for possessing with intent to distribute 100 or more marijuana plants,

21 U.S.C. § 841(a)(1), and maintaining a place to manufacture and distribute a controlled substance, id. § 856(a)(1), and we affirmed, United States v. Walker, No. 07-10798 (11th Cir. Jan. 10, 2008) (unpublished). Later, the district court granted Walker's motion to vacate his sentence, 28 U.S.C. § 2255, reopened Walker's case, and conducted a new sentencing hearing to determine if Walker qualified for safety valve relief, United States Sentencing Guideline § 5C1.2. The district court denied relief on the ground that Walker's testimony was not "believable and credible." Walker appeals his sentence, and we affirm.

In an appeal of a denial of a motion for relief under the safety valve, we review findings of fact for clear error and the application of law to those facts de novo. United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004). We are required to "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(e). "The burden of proof on the truthfulness issue lies, of course, with the defendant." United States v. Espinosa, 172 F.3d 795, 797 (11th Cir. 1999).

The district court did not err by denying Walker safety valve relief. To obtain relief under the safety valve, "no[] later than the time of the sentencing hearing, the defendant [must] truthfully provide[] to the Government all

2

information and evidence" about his "offense or offenses." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). The district court was familiar with the circumstances of Walker's case and could consider that information in determining the completeness and veracity of Walker's statement. See United States v. Brownlee, 204 F.3d 1302, 1305 (11th Cir. 2000). Walker testified that he did not hear the grow room being constructed, smell the marijuana discovered inside his house, or participate in the grow operation, but those statements are difficult to reconcile with the undisputed evidence at trial about the renovations made to accommodate the sophisticated hydroponic growing system, the strong odor of marijuana emanating from 200 marijuana plants, and the digital scale and packaging materials discovered in Walker's living quarters. Walker also asserted that he did not know about the grow operation until two or three months before his arrest, yet he admitted that "about four months before" he was arrested he "saw his son with a clone plant." Walker insisted that he had blamed his son for the grow operation, but Walker had told law enforcement that his son had moved out of the house two months before his arrest and he "did not want" his son "involved with any of this." The district court did not clearly err in finding that Walker's testimony was incredible.

Walker's sentence is **AFFIRMED**.