[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14138
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cr-00054-RH-CAS-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 20, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Demetrius Harris appeals his 120-month sentence for conspiracy to

distribute, and to possess with intent to distribute, cocaine and marijuana, in

violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), (vii).  Harris's sentencing guideline range was initially calculated at 97 to 121 months.  Because the statutory minimum sentence for his offense was 120 months, however, his applicable range became 120 to 121 months.  To avoid that mandatory minimum, Harris sought safety-valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  To qualify for safety-valve relief, Harris needed to be assessed only one criminal history point at sentencing.  At sentencing, the probation officer assessed two criminal history points, one of which was based on a March 24, 2000 assault conviction and resulting sentence.  Harris objected, contending that for the prior conviction to be countable, it had to have been imposed within ten years of the commencement of the instant offense.  The district court, however, found that the criminal history point was properly assessed, and that Harris consequently could not qualify for safety-valve relief.

On appeal, Harris argues that the district court committed clear error in finding that his March 24, 2000 conviction and  fell within ten years of the commencement of his participation in the current offense.  He argues that the first documented proof that indicated his involvement was a March 27, 2010 phone call to a co-conspirator.  Moreover, the evidence that was offered to demonstrate Harris's involvement in the conspiracy, prior to March 27, 2010, consisted merely of hearsay and vague references to dates and drug amounts.  Upon review of the record and consideration of the parties' briefs, we affirm.

2

We review a district court's interpretation of the Sentencing Guidelines de novo, and the district court's factual determinations for clear error. *United States v. Cook*, 181 F.3d 1232, 1233 (11th Cir. 1999). To receive a safety-valve reduction under § 5C1.2, a defendant must meet five criteria, including the accumulation of no more than one criminal history point. U.S.S.G. § 5C1.2(a)(1); 18 U.S.C. § 3553(f)(1). If a district court finds that a defendant meets all the criteria for safety-valve relief, the court must impose a sentence according to the Sentencing Guidelines, without regard to any statutory minimum sentence. U.S.S.G. § 5C1.2(a); 18 U.S.C. § 3553(f). The burden of proving eligibility for safety-valve relief lies with the defendant. *United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999) (per curiam).

The Sentencing Guidelines provide that a defendant receives one criminal history point for each prior sentence of imprisonment, lasting less than 60 days, that was "imposed within ten years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(2), (3); *see* U.S.S.G. § 4A1.1(c). Any sentence imposed more than ten years prior to the current offense receives zero criminal history points. U.S.S.G. § 4A1.2(e)(3). During sentencing, courts "may consider any information, including reliable hearsay, regardless of the information's admissibility at trial, provided that there are sufficient indicia of

3

reliability to support its probable accuracy." *United States v. Castellanos*, 904 F.2d 1490, 1495 (11th Cir. 1990).

In this case, the relevant prior sentence was imposed on March 24, 2000. Thus, for the 2000 sentence to fall within the ten-year window, Harris must have commenced participation in the instant conspiracy by March 24, 2010. U.S.S.G. § 4A1.2(e)(2). The court found that Harris became involved in the charged conspiracy in 2007. This finding was properly supported by the evidence. Agent David Wilson testified at the sentencing hearing that Harris's co-conspirator, as well as other members of the drug organization, confirmed that Harris had been selling, packaging, and repackaging drugs for the organization since at least 2007. Moreover, Harris's own testimony during the plea colloquy established his involvement in the conspiracy as early as 2009. The court's finding that Harris became involved in the charged conspiracy within the ten-year window was not clear error. *See Cook*, 181 F.3d at 1233.

Contrary to Harris's contention, his relevant conduct began when he became criminally involved in the conspiracy, not when he was first identified by law enforcement. *See* U.S.S.G. § 4A1.2 cmt. n.8 (noting that "the term 'commencement of the instant offense' includes any relevant conduct"). His argument ignores the additional evidence showing that he was involved in the conspiracy well before the March 27, 2010 phone call. Further, hearsay evidence,

4

such as Agent Wilson's recounting the statements made by Harris's co-conspirator and other cooperators, is permitted for sentencing purposes so long as it is reliable. *See Castellanos*, 904 F.2d at 1495.

The district court explained that the co-conspirator's statements were sufficiently precise as to Harris's involvement in the conspiracy beginning in 2007. Further, the court noted that there was concrete evidence of contact between Harris and his co-conspirator from 2007 to 2010, which, combined with the co-conspirator's and collaborators' statements, strongly indicated that Harris was involved in the conspiracy as early as 2007. Under these circumstances, there were "sufficient indicia of reliability" to permit the hearsay statements. *See id.* Nevertheless, any error in admitting the statements was harmless because Harris admitted at the plea colloquy that he entered the drug conspiracy in 2009, which is within 10 years of the imposition of his 2000 sentence.

Because Harris's 2000 sentence was imposed within 10 years of the commencement of his involvement in the instant offense, the 2000 sentence qualified as a "prior sentence," adding a second point to Harris's criminal history score. *See* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2), (3). Based on the above, the district court appropriately determined that Harris was ineligible for safety-valve relief.

**AFFIRMED.**

5