[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12432
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80079-KAM-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ROJAS,
a.k.a. Tico,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 23, 2014)

Before WILSON, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Jesus Rojas appeals his convictions and 60-month total sentence for conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and 846, and § 841(a)(1), respectively. In 2011, the Drug Enforcement Agency (DEA) began investigating a drug-trafficking ring in which Carlos Marcelo was a midlevel cocaine supplier. Marcelo was Rojas's mother's boyfriend and lived in the same house as Rojas. On March 26, 2012, Rojas delivered a package containing one kilogram of cocaine to one of Marcelo's clients, Francisco Lorenzo, on behalf of Marcelo. The delivery was the only drug transaction that Rojas participated in during the conspiracy. Following the issuance of the federal indictment charging Rojas in the present case, Rojas retained private counsel. He subsequently surrendered himself for arrest, without his attorney. Following his arrest and still without his attorney, he signed a waiver of *Miranda*[1] rights and gave a statement to DEA agents concerning the March 26 delivery.

Prior to trial, Rojas filed a motion to suppress the statement he gave during the interview with the DEA agents. The district court denied his motion. The case then went to trial. During closing arguments, the government stated, "Drug trafficking is a serious offense. It devastates our communities, and it destroys lives." Rojas moved for a mistrial based on the prosecutor's comments. The

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

district court denied his motion.  The jury found Rojas guilty of both counts, and found that Rojas was responsible for less than 500 kilograms of cocaine.

In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSI).  Rojas filed several objections to the PSI. He argued that he was entitled to safety-valve relief pursuant to U.S.S.G. § 5C1.2. He also asserted that he was entitled to a two-level decrease in his offense level based on his minor role in the conspiracy.  The court concluded that he was not eligible for safety-valve relief.  It did find, however, that Rojas was eligible for a two-level reduction because he played a minor role in the conspiracy.  Rojas was ultimately sentenced to 60 months' imprisonment.  He now appeals.

Rojas raises three arguments on appeal.  First, he argues that the district court erred in failing to suppress the post-arrest statement he gave during the government-initiated questioning because his pre-surrender retention of counsel was an implicit invocation of his right to have his attorney present at all interrogations.  Next, he contends that the district court erred in denying his motion for a mistrial because statements in the government's closing argument amounted to prosecutorial misconduct.  Finally, he asserts that the district court erred in finding him ineligible for safety-valve relief, pursuant to U.S.S.G. § 5C1.2.

Upon review of the record and consideration of the parties' briefs, we affirm.

I.

In assessing the denial of a motion to suppress, "we review the district court's factual findings for clear error, and its application of the law to the facts de novo." *United States v. Jordan*, 635 F.3d 1181, 1185 (11th Cir. 2011) (internal quotation marks omitted). We view the facts in the light most favorable to the prevailing party below and "are not restricted to the evidence presented at the suppression hearing," but rather, we consider the record in its entirety. *Id.* Where a fact pattern gives rise to two reasonable and different constructions, "the factfinder's choice between them cannot be clearly erroneous." *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010) (per curiam) (internal quotation marks omitted). Further, "we afford substantial deference to the factfinder's credibility determinations." *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012).

Following the criminal indictment of a defendant, "the Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings," including interrogation. *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S. Ct. 2079, 2085 (2009). Similarly, under *Miranda*, a defendant has the right to remain silent and the right to have counsel present during a custodial interrogation. 384 U.S. at 478–79, 86 S. Ct. at 1630.

4

A defendant may waive his Sixth Amendment right to counsel, "so long as relinquishment of the right is voluntary, knowing, and intelligent." *Montejo*, 556 U.S. at 786, 129 S. Ct. at 2085. "The defendant may waive the right whether or not he is already represented by counsel; the decision to waive need not itself be counseled." *Id.* Further, a defendant's valid waiver of his *Miranda* rights generally amounts to a waiver of his Sixth Amendment right to counsel. *Id.* However, once a defendant clearly invokes his right to counsel, authorities may not interrogate him (1) until counsel is made available, or (2) unless the defendant initiates the contact; any waiver obtained prior to the occurrence of at least one of those events is invalid. *Edwards v. Arizona,* 451 U.S. 477, 485–87, 101 S. Ct. 1880, 1884–85 (1981) (discussing right to counsel under *Miranda*).

The government lawfully procured Rojas's post-arrest statement. First, the district court properly found that Rojas failed to sufficiently invoke his right to have his attorney present at the post-arrest interview before the questioning began. Rojas presented no evidence, and does not assert on appeal, that he expressly requested his counsel's presence for the interview. Although he argues that his pre-arrest retention of an attorney was a standing invocation of his right to counsel, the argument fails under *Montejo*. *See Montejo*, 556 U.S. at 789, 129 S. Ct. at 2086–87 (holding that just because a defendant is represented by counsel does not mean police are precluded from approaching defendant and seeking defendant's

5

consent to interrogation).  Although he attempts to distinguish his case from *Montejo* based on the fact that he retained private counsel, rather than having an attorney appointed for him, the distinction is irrelevant.  The Court in *Monetjo* emphasized a defendant's ability to clearly assert, and thus sufficiently safeguard, his right to counsel at any critical stage following indictment, and it rejected the notion that the acquisition of counsel affected the ability or rendered it irrelevant.  *See id.* at 786, 129 S. Ct. at 2085.  Likewise, Rojas's retention of counsel in no way limited his ability to clearly express a desire to have his attorney present for the post-arrest interview.

Because Rojas did not assert his right to counsel, the DEA agents were free to seek a waiver of his rights and initiate questioning.  *See Edwards*, 451 U.S. at 485–87, 101 S. Ct. 1885–86.  Moreover, the record supports the court's finding that his waiver was knowingly and voluntary.  One of the interviewing agents testified that (1) he explained Rojas's rights to him; (2) Rojas said he understood his rights; and (3) Rojas nonetheless proceeded to sign the waiver form.  To the extent that Rojas argues his waiver was involuntary because he did not feel he had a choice as to whether he could sign the waiver form, the argument fails because the court was free to disbelieve that testimony and rely on the plausible evidence to the contrary.  *See Saingerard*, 621 F.3d at 1343.  Finally, because Rojas's *Miranda*

waiver was valid, it was sufficient to waive his right to counsel under the Sixth Amendment as well.  *See Montejo*, 556 U.S. at 786, 129 S. Ct. at 2085.

Accordingly, we affirm in this respect.

## II.

Allegations of prosecutorial misconduct present mixed questions of fact and law that we review de novo.  *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006).  To establish a claim of prosecutorial misconduct, a defendant must show that (1) the government's remarks were improper, and (2) the remarks prejudicially affected his substantial rights.  *Id.*

We have repeatedly held that a "reference during closing argument to the drug problems of society and [a] defendant['s] role[] in such problems [is] not unduly prejudicial or excessively inflammatory."  *United States v. Delgado*, 56 F.3d 1357, 1370 (11th Cir. 1995) (internal quotation marks omitted).  Even where the government makes improper comments, a defendant is only denied a fair trial when the trial as a whole is "replete with errors."  *Eckhardt*, 466 F.3d at 947.

Here, the prosecutor's comment is the type of reference that we have repeatedly dismissed as insufficient to demonstrate a threshold showing of misconduct.  *See Delgado*, 56 F.3d at 1370.  Accordingly, the district court properly denied Rojas's motion for a mistrial.  We therefore affirm in this respect.

## III.

7

We review a district court's factual determinations regarding safety-valve relief for clear error. *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004) (per curiam). The "safety-valve" provision, found in U.S.S.G. § 5C1.2, permits a sentencing court to impose a sentence without regard to the statutory minimum sentences, if the defendant meets all of the criteria set forth in 18 U.S.C. § 3553(f)(1)–(5). U.S.S.G. § 5C1.2(a). When a defendant who was convicted of a controlled substance offense meets these requirements, he receives a two-level decrease in his offense level for sentencing purposes. *See* U.S.S.G. § 2D1.1(b)(16).

The only factor in dispute here is whether Rojas truthfully provided the government with "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). A defendant bears the burden of proving his eligibility for safety-valve relief, including demonstrating the truthfulness of his disclosure to the government. *United States v. Espinosa,* 172 F.3d 795, 797 (11th Cir. 1999) (per curiam). The district court, not the government, must make the factual finding as to whether the defendant provided complete and truthful information to the government. *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000).

8

The district court did not clearly err in finding that Rojas failed to provide complete information regarding his offenses of conviction.  The basis of Rojas's convictions was the March 26 delivery.  The court found that Rojas never provided a truthful account of that transaction, and the record supports that finding.  Rojas's own accounts of the delivery, including Marcelo's location that day, Marcelo's instructions to him, and his knowledge of the package's contents, were inconsistent.  Rojas asserts that these inconsistencies do not preclude his safety-valve relief because he ultimately gave a truthful account of the delivery at trial.  This argument fails because the testimony of other witnesses contradicted Rojas's trial testimony.  For example, Rojas testified that he only ever held the bag by its handles and that he handed it directly to Lorenzo.  By contrast, Lorenzo and an officer who observed the delivery testified that Rojas held the package in his hand and also under his arm and placed the bag in a container in the back of Lorenzo's truck.  Accordingly, we affirm in this respect.

**AFFIRMED.**