[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15432
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00189-VMC-TGW-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUBERT SANTIESTEBAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 21, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

The sole issue in Hubert Santiesteban's appeal of the sentences he received in this drug-trafficking case is whether the District Court erred in denying him relief under the "safety valve" provisions of the Sentencing Guidelines, U.S.S.G. § 5C1.1  Section 5C1.1 provides, in pertinent part:

(a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

(b) In the case of a defendant (1) who meets the criteria set forth in subsection (a); and (2) for whom the statutorily required minimum sentence

2

is at least five years, the offense level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17.

A superseding indictment, in Count One, charged Santiesteban, Walter Berrios, Jose Andujar, Fernando Games, Nelson Millan, and Abraham Gonzalez with conspiring in violation of 21 U.S.C. § 846 to violate 21 U.S.C. § 841(a) by distributing five kilograms or more of a mixture containing cocaine for a period ending April 11, 2013, and in Count Two, charged the same individuals, with the exception of Gonzalez, with intent to distribute and distribution of five kilograms of cocaine on April 10, 2013, in violation of 21 U.S.C. § 841(a).  Santiesteban pled guilty to both counts, and the District Court, denying him safety-valve relief because he had not truthfully provided to the Government all the information he had about the charged offenses, sentenced him to concurrent prison terms of 120 months on Count One and 60 months on Count Two.  Santiesteban appeals his sentences because he disagrees with the court's finding that he was not forthcoming as § 5C1.2 requires.

We use a clear-error standard to review a district court's factual determination of whether a defendant qualifies for application of the § 5C1.2 safety-valve provision.  *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).  "For a finding to be clearly erroneous, this Court must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (citation omitted) (internal

3

quotation marks omitted).  As indicated above, the safety-valve provision permits a district court, if a defendant meets five criteria, to sentence within the relevant Guidelines range without regard to any statutory mandatory-minimum sentence. *See* U.S.S.G. § 5C1.2(a)(1)-(5).  The criteria at issue here is the fifth criteria, whether the defendant truthfully provided the government with "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."   U.S.S.G. § 5C1.2(a)(5).  To satisfy the requirements of § 5C1.2(a)(5), a defendant must demonstrate that he has made a good-faith effort to cooperate with the government. *Cruz*, 106 F.3d at 1557.  "The burden is on the defendant to come forward and to supply truthfully to the government all the information he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." *Id.*  In determining the truthfulness of a defendant, the district court must independently assess the facts and may not rely on the Government's assertion of dishonesty. *United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999).

        We conclude that the District Court did not clearly err in denying Santiesteban safety-valve relief on the ground that he did not provide the Government complete and truthful information regarding his offenses.  The court had ample evidence before it on which to find that Santiesteban had not been

4

forthcoming.  Games's testimony, for example, which the court found credible, showed that Santiesteban was untruthful.  Games testified that Santiesteban sold him close to 20 kilograms of cocaine and that Santiesteban had talked to him about supplying cocaine to other buyers, about transporting around 25 kilograms to Tampa at a time, and about how he had built a trap compartment in his car to hide the drugs.  Games's testimony contradicted Santiesteban's statements to Agent Bessette that all the cocaine he ever sold amounted only to 10 grams and that he never transported cocaine to Tampa, as Games said he did.  Santiesteban's arguments to the contrary are contradicted by the record.  His proffer to the Government failed to satisfy § 5C1.2(a)'s fifth criteria; therefore, his sentences are

AFFIRMED.