[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-11835
Non-Argument Calendar

————————————————

D.C. Docket No. 8:18-cr-00525-JSM-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY BONILLA ARIAS,

Defendant-Appellant.


————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(October 28, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

This case began on a boat in the Pacific Ocean, 240 nautical miles off the southwest border of El Salvador and Guatemala.  Henry Bonilla Arias, the captain, and two others were caught piloting a "go-fast boat" with over two tons of cocaine on board.  The United States Coast Guard apprehended the three smugglers and took them to Florida.  Arias pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine, and to aiding and abetting the possession with intent to distribute more than five kilograms of cocaine.

At sentencing, Arias' attorney argued that he should receive safety-valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. §5.1.2 for cooperating with the prosecution.  Even though Arias had cooperated and provided some information, the government argued that he had not been truthful when he claimed he did not know the real name of "Tourista" — the man who had paid him to smuggle the drugs — and was therefore not eligible for safety-valve relief.  See 18 U.S.C. § 3553(f)(5) (stating that, to qualify for safety-valve relief, the defendant must "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan").

After hearing from each side, the court found it was unlikely that Arias did not know who hired him.  Doc 87 at 9 ("It's hard for me to believe some unknown person comes up and offers $10,000 in cash and has no idea who the person is.").

2

Because it found Arias was untruthful, the court denied safety-valve relief.  Arias was sentenced to 180 months in prison.  He appeals.

We review the district court's factual findings and denial of safety-valve relief only for clear error.  United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004).  Whether the information the defendant provided the government was truthful and complete is a question of fact for the district court.  United States v. Brownlee, 204 F.3d 1302, 1305 (11th Cir. 2000).  In determining the truthfulness of a defendant, the district court must independently assess the facts and may not simply defer to the government on the issue.  United States v. Espinosa, 172 F.3d 795, 797 (11th Cir. 1999).

Arias' only contention on appeal is that the district court deferred to the government instead of making its own judgment about whether he was truthful. We disagree.  In Espinosa we overturned the district court where it found that because Espinosa had not testified at trial it had no way of knowing if he was telling the truth.  172 F.3d at 797.  So it simply adopted the government's theory. Id.  But that is not what happened here.  The district court heard from both sides.  It asked questions.  And, once it had enough information, the court determined it was likely that Arias knew who hired him and that he was being untruthful when he said he didn't.  It is not clear what more the court could have done to make an

independent assessment.  The district court did not commit clear error in denying the safety-valve relief.

**AFFIRMED.**