[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10075

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MANUEL ARIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:21-cr-00156-KKM-AEP-2

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Manuel Arias appeals his sentence of 120 months' imprisonment followed by 5 years' supervised release for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. *See* 46 U.S.C. §§ 70503(a), 70506(a)-(b); 21 U.S.C. 960(b)(1)(B)(ii). He argues that he was entitled to safety valve relief under 18 U.S.C. § 3553(f) and should not be subject to the ten-year statutory minimum sentence for this offense because he met the requirement to truthfully disclose all information pertaining to the offense within his knowledge.

As relevant here, the safety valve provision provides that, when a defendant is convicted of an offense under 46 U.S.C. §§ 70503 or 70506, the district court shall impose a sentence pursuant to the Sentencing Guidelines without regard to any statutory minimum sentence if it finds that the defendant meets all five listed factors. *See* 18 U.S.C. § 3553(f). In an appeal involving the denial of safety-valve relief, we review the district court's factual findings for clear error and its legal interpretation of the statutes and Sentencing Guidelines *de novo*. *See United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004). A finding of fact is clearly erroneous if, after reviewing all the evidence, we are left with a definite and firm

conviction that a mistake has been made.  *See United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009).  The defendant bears the burden of satisfying all the safety valve criteria by a preponderance of the evidence.  *See United States v. Thomas*, 42 F.4th 1073, 1078 (11th Cir. 2022).

The fifth safety-valve factor requires the defendant, not later than the time of the sentencing hearing, to truthfully provide to the government all information and evidence the defendant has pertaining to the charged offense.  *See* § 3553(f)(5).  Whether the information the defendant provided to the government was truthful and complete is a question of fact for the district court.  *See United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000).  Even in cases where the defendant gives a factual proffer, if there is substantial evidence that contradicts the defendant's statement, a determination that the statement was untruthful is not clearly erroneous.  *See United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).  In determining the honesty of a defendant, the district court must independently assess the facts and may not defer to the government's position.  *See United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999).

Here, the district court did not clearly err in finding that Mr. Arias failed to satisfy § 3553(f)(5).  It did not find his factual proffers or testimony at the hearing to be credible and provided a number of reasons for its determination.  For example, it found incredible the notion that Mr. Arias would leave his children during the COVID-19 pandemic to visit someone he met online to learn more

about fishing.  And it did not believe Mr. Arias' testimony that drug dealers offered him a free ride back to the Dominican Republic and a gift of $10,000 upon arrival without asking him to participate in managing the vessel with the drugs.  *See* D.E. 95 at 119-20.  The district court's assessment of Mr. Arias' statements was plausible in light of the record, and therefore not clearly erroneous.

**AFFIRMED.**