[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13135
Non-Argument Calendar

_____

D. C. Docket No. 04-20525-CR-PCH

UNITED STATES OF AMERICA,

Defendant-Appellant,

versus

FERNANDO POYATO,

Plaintiff-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 10, 2006)**

Before TJOFLAT, ANDERSON and WILSON, Circuit Judges.

PER CURIAM:

The Government appeals Fernando Poyato's 36-month sentence for conspiracy to possess with intent to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, and maintaining a marijuana grow house, in violation of 21 U.S.C. § 856(a)(1). The relevant convictions carried a minimum mandatory sentence of 5 years. However, the district court applied the safety valve, U.S.S.G. § 5C1.2, and sentenced Poyato to 36 months. The district court concluded:

> Having listened to the testimony it's my view the defendant in fact possessed a firearm both in furtherance and in connection with the offense, the drug trafficking offense. But the jury found the Government had not proved beyond a reasonable doubt that he possessed a firearm in furtherance of that drug trafficking offense. So it's my view because of the verdict I am precluded from denying him the safety valve. If I am wrong and the Government takes an appeal the Eleventh Circuit knows my reasoning. I would have found the evidence was sufficient to find by a preponderance of the evidence that Mr. Poyato possessed the firearm in connection with the drug trafficking offense. However, as I previously stated, I am going to grant the safety valve.

The Government appeals, challenging the district court's application of the safety valve.

On appeal, the Government argues that the district court erred in finding that the jury's acquittal as to a firearm count of the indictment precluded it from denying Poyato a safety-valve reduction, pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The Government argues that, despite the jury's finding, the

2

district court had the authority to find, by a preponderance of the evidence, that Poyato possessed a firearm. The government notes that, in fact, the district court found, by a preponderance of the evidence, that Poyato possessed a firearm, and, as a result, the Government argues that Poyato was not eligible for a safety-valve reduction. The Government argues that, both before and after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), the district court may consider acquitted conduct in sentencing, and the proper evidentiary standard is a preponderance, not beyond a reasonable doubt. The Government notes that the instant sentencing was conducted post-Booker. The Government reasons that because Booker rendered the guidelines advisory, there is no constitutional or statutory error in finding sentencing factors by a preponderance. The Government notes that the district court found, by a preponderance, that Poyato possessed a firearm for purposes of an enhancement under U.S.S.G. § 2D1.1(b)(1) on "more than one occasion," but applied a different standard with regard to the § 5C1.2(a)(2) safety-valve. As a result, the Government argues that Poyato must be re-sentenced to the statutory minimum term of 60 months.

When reviewing a district court's safety-valve decision, "we review for clear error a district court's factual determinations . . . [and] de novo the court's legal interpretation of the statutes and sentencing guidelines." United States v. Johnson,

3

375 F.3d 1300, 1301 (11th Cir. 2004). We have held that, "as was the case before Booker, the district court must calculate the Guidelines range accurately." United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). "Safety-valve relief allows for sentencing without regard to any statutory minimum, with respect to certain offenses, when specific requirements are met." United States v. Brehm, 442 F.3d 1291, 1299 (11th Cir. 2006) (citing 18 U.S.C. § 3553(f)); see also U.S.S.G. § 5C1.2. One of those requirements is that the defendant did not "use violence or credible threats of violence or possess a firearm . . . in connection with the offense." See 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2).

We have explained that Booker does not prevent district courts from considering acquitted conduct at sentencing so long as the sentence imposed does not exceed the statutory maximum authorized by the jury's verdict, and relevant conduct may be applied so long as proven by a preponderance of the evidence. See United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir.), cert. denied, 126 S.Ct. 432 (2005).

Although our Duncan decision would seem to foreclose Poyato's argument in this case (as well as the district court's position), before so concluding, we address Poyato's attempt to distinguish Duncan. Poyato argues that Duncan did not involve a defendant's statutory right to the safety valve under 18 U.S.C.

4

§ 3553(f). Poyato argues that unlike the now advisory Sentencing Guidelines,

§ 3553(f) is mandatory and requires a sentence within the Sentencing Guidelines.

Section 3553(f) provides in relevant part:

> **Limitation on applicability of statutory minimums in certain cases**.-- Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

> (3) the offense did not result in death or serious bodily injury to any person;

> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning

> the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). It is true that the statutory language includes the phrase "shall impose a sentence pursuant to the guidelines." It is upon this statutory language that Poyato bases his argument that the statute mandates a sentence within the particular range indicated for this offense in the Guidelines. We reject Poyato's argument for several reasons.

The mandatory statutory language upon which Poyato relies is not triggered at all unless and until "the court finds at sentencing" the five prerequisites quoted above. Thus, unless the judge at sentencing finds the five prerequisites, the mandatory language that Poyato invokes has no effect at all. Apparently, the Government genuinely contested only one of the five prerequisites in this case – whether Poyato possessed a firearm in connection with the offense. Although the sentencing judge felt bound by the jury verdict to the contrary, the judge expressly found by a preponderance that Poyato failed to satisfy that crucial prerequisite; the judge expressly found that Poyato did possess a firearm in connection with the offense.

6

Poyato's argument rests upon his erroneous assumption that a jury must find the five prerequisites beyond a reasonable doubt, as opposed to the sentencing judge making these findings by a preponderance. Poyato's assumption is erroneous because there is no requirement in § 3553(f), or otherwise in the law, that the jury make such findings beyond a reasonable doubt, rather than the sentencing judge by a preponderance. As noted above, the statutory language expressly provides for the court to make such findings at sentencing; the statutory language is "if the court finds at sentencing . . . ." 18 U.S.C. § 3553(f).

Nor does any other provision of law require that the five prerequisites be found by the jury beyond a reasonable doubt. <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), and its progeny teach that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. <u>Id.</u> at 490. However, nothing in § 3553(f) purports to designate any statutory maximum sentence. Rather than fixing a statutory maximum, the clear intent of § 3553(f) is to provide a limit on the applicability of minimum mandatory sentences in certain cases. The heading of the section reveals this clear intent: "Limitation on Applicability of Statutory Minimums in Certain Cases." <u>United States v. Stone</u>, 139 F.3d 822, 835 (11th Cir. 1998) (citing <u>Trainmen v. Baltimore & Ohio R. Co.</u>,

7

331 U.S. 519, 528-29, 67 S.Ct. 1387, 1391-92 (1947), and noting that headings can be used as an aid in statutory construction). More significantly, the language of the section reveals the same clear intent – providing that if the sentencing judge finds the five prerequisite factors, then the sentence is to be imposed "without regard to any statutory minimum sentence." Thus, the clear intent of the statute has nothing to do with designating any statutory maximum sentence, but rather has to do with eliminating the applicability of minimum mandatory sentences.[1] See United States v. Holguin, 436 F.3d 111, 117 (2d Cir. 2006) (rejecting similar argument because § 3553(f) findings do not increase the minimum sentence but relate only to the applicability of a mandatory minimum sentence); United States v. Morrisette, 429 F.3d 318, 324-25 (1st Cir. 2005) (same); United States v. Payton, 405 F.3d 1168, 1173 (10th Cir. 2005) (same).

Moreover, even considering in isolation the language upon which Poyato relies – "shall impose a sentence pursuant to the Guidelines" – we conclude that such language does not purport to create any statutory maximum sentence. After Booker, a sentence imposed "pursuant to the Guidelines" is imposed pursuant to advisory Guidelines, and is not imposed pursuant to mandatory Guidelines. After

---

[1] See Harris v. United States, 536 U.S. 545, 568, 122 S.Ct. 2406, 2420 (2002) (holding that an increase in the mandatory minimum sentence based on judicial fact-finding does not evade the requirements of the Fifth and Sixth Amendments and reaffirming McMillan v. Pennsylvania, 477 U.S. 79, 106 S. Ct. 2411 (1986)).

8

<u>Booker</u>, a sentence "pursuant to the Guidelines" is one in which the Guidelines are calculated and considered along with the other factors indicated in § 3553(a), and then a reasonable sentence is imposed which lies within the maximum sentence provided for the particular offense by the United Stated Code.[2] <u>See</u> <u>Duncan</u>, 400 F.3d at 1303.

For the foregoing reasons, we conclude that there is no requirement in § 3553(f), or otherwise in the law, that the jury make findings beyond a reasonable doubt with regard to the five prerequisites for application of the safety valve. We conclude that the fact that this case involves the safety valve and § 3553(f) does not distinguish this case from <u>Duncan</u>. Under <u>Booker</u> and it progeny, including <u>Duncan</u>, conduct of which Poyato has been acquitted nonetheless may be taken into account at sentencing, as long as the government proves the acquitted conduct, and the sentencing court finds same, by a preponderance of the evidence, and as long as the sentence falls within the prescribed statutory maximum. Because the sentencing judge in the instant case did find by a preponderance of the evidence that Poyato did in fact possess a firearm in connection with the offense, the district judge erred in concluding that he was precluded from denying the safety valve; the district court's finding rendered Poyato ineligible for the safety valve.

---

[2] The jury verdict in the instant case authorized a sentence within this prescribed statutory maximum.

Accordingly, Poyato's sentence is vacated, and the case is remanded for resentencing.

**VACATED AND REMANDED.**