[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10963
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-14065-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO VILLEGAS-ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 18, 2008)

Before DUBINA, WILSON  and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Sergio Villegas-Ortiz appeals his 120-month sentence imposed for

possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Villegas-Ortiz was sentenced to 120 months' of imprisonment, pursuant to U.S.S.G. § 5G1.1(b), because the statutorily required minimum sentence for his offense, pursuant to 21 U.S.C. § 841(b)(1)(A), was greater than the maximum of the applicable guidelines range. He argues that the district court should have granted him "safety-valve" relief from the statutory mandatory minimum sentence, pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), and awarded him a two-level reduction in his offense level, pursuant to U.S.S.G. § 2D1.1(b)(11). He contends that he truthfully disclosed all information and evidence that he possessed in relation to the offense and relevant conduct, as required by U.S.S.G. § 5C1.2(a)(5) and 18 U.S.C. § 3553(f)(5), and that the court erred when it considered past illegal conduct not related to the specific offense for which he was convicted in its determination of whether he had been sufficiently truthful. Villegas-Ortiz also argues that 21 U.S.C. § 841 violates the Fourteenth Amendment Equal Protection Clause by making "arbitrary classifications" and violates the Eighth Amendment by imposing a sentence disproportionate to his crime.

### I. District court's denial of safety-valve relief

"When reviewing a district court's safety-valve decision, we review for clear

error a district court's factual determinations and <u>de novo</u> the court's legal interpretation of the statutes and sentencing guidelines." <u>United States v. Poyato</u>, 454 F.3d 1295, 1297 (11th Cir. 2006) (quotations and alterations omitted).

The Sentencing Guidelines provide for sentencing without regard to any statutory minimum–the so-called "safety valve"–with respect to certain offenses, when specific requirements are met. U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f). The guidelines also permit a two-level reduction in the offense level for certain drug-related crimes if the defendant meets the five criteria set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). U.S.S.G. § 2D1.1(b)(11). The defendant must show, <u>inter alia</u>, that he truthfully provided the government with all the information and evidence he had "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). The application notes to § 5C1.2 explain that the language of U.S.S.G. § 5C1.2(a)(5) refers to "the offense of conviction and all relevant conduct." U.S.S.G. § 5C1.2, comment. (n.3).

"A defendant has the burden of proving his eligibility for relief under [§ 3553(f) and] § 5C1.2." <u>United States v. Cruz</u>, 106 F.3d 1553, 1557 (11th Cir. 1997). The fifth prong of the safety-valve provision places on the defendant "an affirmative responsibility to truthfully disclose to the government all information

and evidence that he has about the offense and all relevant conduct." United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004) (quotation omitted). Lies and omissions do not necessarily disqualify a defendant from safety-valve relief as long as the defendant "makes a complete and truthful proffer not later than the commencement of the sentencing hearing." United States v. Brownlee, 204 F.3d 1302, 1305 (11th Cir. 2000). However, the defendant's lies remain relevant as "part of the total mix of evidence for the district court to consider in evaluating the completeness and truthfulness of the defendant's proffer." Id. (quotation omitted). In determining the honesty of a defendant, the district court must independently assess the facts and may not rely on the government's assertion of dishonesty. United States v. Espinosa, 172 F.3d 795, 796-97 (11th Cir. 1999).

We have held that it is the district court's duty to determine whether the statement provided by the defendant is truthful and complete. Espinosa, 172 F.3d at 797. "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). Furthermore, "[w]hen a defendant argues that the district court made erroneous findings of fact and as a consequence applied the sentencing guidelines incorrectly, the appellate

4

court shall give due regard to the opportunity of the sentencing court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous." United States v. Glinton, 154 F.3d 1245, 1258-59 (11th Cir. 1998) (quotation and alteration omitted).

After reviewing the record and reading the parties' briefs, we conclude that the district court did not clearly err when it failed to award Villegas-Ortiz safety-valve relief because Villegas-Ortiz failed to meet his burden of proving that he was eligible for the safety-valve reduction when he failed to present evidence of the completeness and truthfulness of his debriefing. Furthermore, we conclude that the district court did not err when it considered evidence of Villegas-Ortiz's untruthfulness related to other transactions within the same course of conduct during its determination of his safety-valve eligibility.

## II. Constitutionality of 21 U.S.C. § 841

We review de novo whether a statute is constitutional. United States v. Reynolds, 215 F.3d 1210, 1212 (11th Cir. 2000). Section 841 of Title 21 of the U.S. Code prohibits and provides penalties for possession with intent to distribute controlled substances. 21 U.S.C. § 841(a), (b). In the case of an offense involving 50 grams or more of methamphetamine, § 841(b)(1)(A)(viii) provides that the term of imprisonment will be at least 10 years and not more than life imprisonment. 21

5

U.S.C. § 841(b)(1)(A)(viii). Villegas-Ortiz was sentenced to 120 months of imprisonment, pursuant to U.S.S.G. § 5G1.1(b), because the statutorily required minimum sentence for his offense, pursuant to 21 U.S.C. § 841(b)(1)(A), was greater than the maximum of the applicable guidelines range.

We have upheld the constitutionality of 21 U.S.C. § 841(b)(1)'s mandatory minimum sentencing provisions against due process, equal protection, and Eighth Amendment challenges. See United States v. Holmes, 838 F.2d 1175, 1177-78 (11th Cir. 1988) (holding that § 841(b)(1)'s mandatory minimum provisions were rationally related to the objectives of protecting public health and welfare); United States v. Willis, 956 F.2d 248, 251 (11th Cir. 1992) (holding that the mandatory life sentence provisions of 21 U.S.C. § 841(b)(1) do not violate the Eighth Amendment).

Because we have binding precedent upholding the constitutionality of the mandatory minimum sentence provisions in 21 U.S.C. § 841(b)(1), Villegas-Ortiz's argument that they are unconstitutional fails.

### III. Conclusion

Based upon the foregoing discussion, we conclude that the district court did not err in sentencing Villegas-Ortiz and, therefore, we affirm his sentence.

**AFFIRMED.**