[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16255
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00486-CR-6-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEMEKA MITCHEM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 28, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Cemeka Mitchem appeals from her 135-month sentence, imposed after she pled guilty to conspiracy to possess, with intent to distribute, at least 5 kilograms of cocaine, and 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(A)(ii), (iii), and 846. On appeal that: (1) the district court erred in assessing her a criminal history point based on a prior uncounseled conviction; and (2) the district court erred in denying her safety valve relief, pursuant to U.S.S.G. § 5C1.2. After thorough review, we affirm.

We review the district court's interpretation of the sentencing guidelines and statutes de novo, and its findings of fact for clear error. United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006); United States v. Poyato, 454 F.3d 1295, 1297 (11th Cir. 2006).

First, we are unpersuaded by Mitchem's claim that the district court erred in calculating her criminal history. "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probably accuracy." United States v. Docampo, 573 F.3d 1091, 1098 (11th Cir. 2009), cert. denied, ___ S.Ct. ___ (No. 09-7833, Apr. 5, 2010) (citing U.S.S.G. § 6A1.3, and holding that hearsay evidence was reliable when corroborated by the defendant's own testimony). In addition, the Supreme Court has held that, as long as no prison term was imposed, "a defendant charged with a misdemeanor had no constitutional right to counsel," and that uncounseled

2

misdemeanor conviction may be used to enhance her sentence for a subsequent conviction. Nichols v. United States, 511 U.S. 738, 743, 748-49 (1994) (citing Scott v. Illinois, 440 U.S. 367 (1979)).

As an initial matter, since official court records were destroyed by a North Carolina court, there was some uncertainty regarding whether Mitchem received a prison sentence as a result of her concealed weapon conviction. In resolving the dispute, the district court was free to consider any relevant information with sufficient indicia of reliability. See Docampo, 573 F.3d at 1098. In doing so, it considered two pieces of contradicting evidence -- Mitchem's unchallenged, sworn testimony that she did not receive any prison sentence, and an unchallenged, unauthenticated computer printout from the sentencing court indicating that Mitchem received a 30-day suspended sentence.

In her testimony, Mitchem repeatedly stated that she did not receive any prison sentence, and asserted that she remembered it "clearly." She also testified, however, that she neither received, nor signed, any paperwork regarding her plea or sentence. Although the latter aspect of her testimony seems implausible, we must give particular deference to the district court's credibility determinations when it had the benefit of witnessing live testimony. See Owens v. Wainwright, 698 F.2d 1111, 1113 (11th Cir. 1983) ("Appellate courts reviewing a cold record

give particular deference to credibility determinations of a fact-finder who had the opportunity to see live testimony."). As a result, since Mitchem's testimony was internally consistent and unchallenged, the court did not commit clear error in considering it as reliable evidence of her actual sentence, and finding that no prison sentence was imposed. Moreover, since no prison sentence was imposed, Mitchem had no right to counsel, and the district court properly used her uncounseled misdemeanor conviction to enhance her sentence, by assessing her one criminal history point. See Nichols, 511 U.S. at 743, 748-49.

We likewise reject Mitchem's claim that the district court erred in denying her safety valve relief. To be eligible for a sentence below the statutory minimum sentence, or a "safety valve," a defendant must satisfy five conditions, including that the defendant "does not have more than 1 criminal history point." U.S.S.G. § 5C1.2(a). The burden of proving eligibility for safety valve relief rests on the defendant. United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997). Further, a district court may deny safety valve relief it if finds, by a preponderance of the evidence, that the defendant has not satisfied each of the criteria. Poyato, 454 F.3d at 1299-1300.

As discussed above, the district court did not err in assigning Mitchem one criminal history point for her concealed weapon conviction. In addition, Mitchem

does not challenge on appeal the criminal history point assigned based on her North Carolina conviction for marijuana possession. As a result, the district court did not err in finding that Mitchem had two criminal history points, and thus, was ineligible for safety valve relief. See id. Accordingly, we affirm.

**AFFIRMED.**