[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14206
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00066-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEREK LAMAR POPE,
a.k.a. Tater,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 21, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Derek Lamar Pope appeals his 120-month concurrent sentences imposed

after he pled guilty to distribution of more than five grams of cocaine base, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (2010), and possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2010). On appeal, Pope challenges the district court's finding that he was ineligible for safety-valve relief because he had failed to provide complete and truthful information about his offenses to the government. After review, we affirm.[1]

The safety-valve provision requires a district court to calculate a defendant's advisory guidelines range for certain drug offenses without regard to any mandatory minimum sentence if the defendant meets the five criteria set forth in U.S.S.G. § 5C1.2. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). The defendant has the burden to prove his eligibility for safety-valve relief by a preponderance of the evidence. United States v. Milkintas, 470 F.3d 1339, 1345 (11th Cir. 2006); Poyato, 454 F.3d at 1298.

Of the five criteria, the only one at issue in this appeal requires the defendant "not later than the time of the sentencing hearing" to provide truthful and complete information "concerning the offense or offenses that were part of the

---

[1]"When reviewing a district court's safety-valve decision, we review for clear error a district court's factual determinations . . . [and] de novo the court's legal interpretation of the statutes and sentencing guidelines." United States v. Poyato, 454 F.3d 1295, 1297 (11th Cir. 2006) (quotation marks omitted). "The question of whether the information [that the defendant] supplied to the government . . . was truthful and complete . . . is a factual finding for the district court." United States v. Brownlee, 204 F.3d 1302, 1305 (11th Cir. 2000).

2

same course of conduct or of a common scheme or plan . . . ." U.S.S.G. § 5C1.2(a)(5). To satisfy this requirement, the defendant must come forward and truthfully supply all information he has relating to his offenses; the government is not required to solicit information from the defendant. Milkintas, 470 F.3d at 1345-46. A drug defendant's obligation to provide full disclosure includes any "information relating to the involvement of others and to the chain of the narcotics distribution." United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

Here, the district court did not clearly err in finding that Pope failed to provide full and truthful information about his cocaine supplier. Pope's proffer letter to the government, which was attached to the Presentence Investigation Report: (1) identified Pope's cocaine supplier only as "Golf Boy," even though Pope had known his supplier for four or five years and his supplier had repeatedly "fronted" him large quantities of cocaine; (2) described Golf Boy generally as a black male in his late twenties or early thirties; and (3) did not disclose a specific location for Golf Boy, stating merely that he was from Bainbridge, Georgia and was believed to be living in the area of Lake Dudley, Georgia.

After repeated attempts, Pope finally agreed to appear for an in-person interview. However, Pope did not present any evidence as to the substance of this interview.

At sentencing, the government argued that during debriefing Pope "only mentioned a few vague assertions and would not mention individuals that the government knew he had associated with," including one individual the government believed would "put this case together." After the district court denied his safety-valve request, Pope contended that his information at the debriefing was not "so vague," but he conceded that he had not provided names for all the individuals with whom the government knew he had dealings.

Under these circumstances, we cannot say the district court clearly erred in finding that Pope's information about Golf Boy was not complete and truthful. Pope's proffer letter identified his supplier only as Golf Boy and claimed Pope did not know Golf Boy's real name. Although Pope had the burden to show he met the safety-valve criteria, he did not present any evidence about what he disclosed during his debriefing and admitted he did not provide the government with the names it was looking for.[2]

---

[2]Pope complains that the district court did not give him an opportunity to respond to the government's characterization of his in-person interview before ruling on the safety-valve request. Pope did not raise this objection at sentencing or give the district court any indication that he wished to make a rebuttal or to present evidence. On appeal, Pope does not identify any argument or evidence he would have presented had the district court asked him whether he wanted to respond. Given that the district court's safety-valve ruling turned on Pope's undisputed failure to identify Golf Boy, any alleged error in failing to ask Pope whether he wanted to respond or present evidence was harmless. See Williams v. United States, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120-21 (1992) (applying harmless error analysis to sentencing court's application of the Sentencing Guidelines).

We also reject Pope's argument that the district court improperly deferred to the government's assessment of his truthfulness. See United States v. Espinosa, 172 F.3d 795, 797 (11th Cir. 1999) (concluding that the district court must independently assess the truthfulness of the defendant's information). The district court made an explicit, independent finding that Pope's information about Golf Boy was not the complete truth.

**AFFIRMED.**