[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15694
Non-Argument Calendar

_____

D. C. Docket No. 5:11-cr- 00023-RS-12

UNITED STATES,

Plaintiff-Appellee,

versus

NESTOR JOSE HERNANDEZ-ESTRADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 16, 2013)

Before TJOFLAT, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Nestor Jose Hernandez-Estrada appeals his 120-month prison sentence for

one count of conspiracy to distribute, and to possess with intent to distribute, methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846. Mr. Hernandez-Estrada argues the district court erred in denying him safety-valve relief under U.S.S.G. § 5C1.2 and a four-level mitigating role reduction under U.S.S.G. § 3B1.2(a). We disagree and affirm the sentence.

Mr. Hernandez-Estrada pled guilty to a drug conspiracy charge, which stemmed from his involvement in drug-trafficking activities with multiple co-conspirators. According to the pre-sentence investigation report, he manned a drug stash house for several months and assisted in transporting drugs and payments. Additionally, a Remington rifle and ammunition were recovered from his bedroom in the stash house. Law enforcement officials had previously observed Mr. Hernandez-Estrada and a co-conspirator purchase a Marlin rifle at a roadside flea market, and subsequently saw Mr. Hernandez-Estrada load what turned out to be money and the Marlin rifle into a secret compartment of a co-conspirator's car. At the sentencing hearing, Mr. Hernandez-Estrada admitted that he was present when the co-conspirator purchased the rifle and that he placed the rifle into the trunk after the initial purchase, but denied that he subsequently put that rifle in the secret compartment in furtherance of the conspiracy.

The district court rejected Mr. Hernandez-Estrada's request to characterize

2

his role in the drug conspiracy as minimal. The court instead determined that he was a minor participant, and reduced his offense level by two levels. *See* U.S.S.G. § 3B1.2(b). The district court also rejected the request for safety-valve relief because Mr. Hernandez-Estrada received a two-level enhancement for possession of a firearm. The district court imposed the statutory minimum sentence of 120 months' imprisonment.

On appeal, Mr. Hernandez-Estrada argues that the district court should have granted his request for safety-valve relief because (1) he only possessed the Marlin rifle for a brief moment when he placed it into the vehicle; and (2) the evidence did not connect him to the Remington rifle recovered in his bedroom. Mr. Hernandez-Estrada also contends that the district court should have deemed him a minimal, rather than a minor, participant in the conspiracy because (1) he was only involved for a short period of time; (2) he did not profit significantly from the conspiracy; and (3) he was at the lowest level of the conspiracy.

Regarding safety-valve relief, we review a district court's factual determinations for clear error and the court's legal interpretation of the statutes and sentencing guidelines *de novo. United States v. Poyato*, 454 F.3d 1295, 1297 (11th Cir. 2006) (per curiam). To qualify for safety-valve relief, a defendant, among other things, must not have possessed a firearm in connection with the offense. *See*

3

18 U.S.C. § 3553(f)(2). At issue here is the district court's factual determination that Mr. Hernandez-Estrada did not satisfy this requirement. The record does not reflect clear error, and we therefore affirm the district court's denial of safety-valve relief.

Mr. Hernandez-Estrada had the burden of showing by a preponderance of the evidence that he did not possess a firearm in connection with the offense. *See United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc); *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). The undisputed facts show that Mr. Hernandez-Estrada was present when his co-conspirator purchased a rifle, and he placed that firearm into the co-conspirator's vehicle. The district court also heard testimony indicating that Mr. Hernandez-Estrada later transferred that same firearm, along with cash, into a secret compartment in another vehicle. And during his arrest, a second rifle was discovered in Mr. Hernandez-Estrada's bedroom in the stash house. Based on these facts, the district court did not clearly err in determining that Mr. Hernandez-Estrada was not eligible for safety-valve relief.

Without fully developing the argument or alleging error by the district court, Mr. Hernandez-Estrada appears to suggest that he was induced into entering the plea agreement based on misinformation from his attorney regarding the

4

applicability of safety-valve relief. Mr. Hernandez-Estrada's appellate counsel fully acknowledges, however, that "[t]here was not a promise by the Government" regarding safety-valve relief. *See* Appellant's Br. at 12. Furthermore, Mr. Hernandez-Estrada never moved to withdraw his plea or otherwise contest its validity. Nor does he allege on appeal that the plea was involuntary or unintelligent. In any event, "a plea based on competent, good faith advice which later turns out to be incorrect is voluntary and intelligent." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 n.11 (11th Cir. 1985).

We review the district court's factual determination regarding a role reduction for clear error. *See United States v. Keen*, 676 F.3d 981, 997 (11th Cir. 2012). The district court has considerable discretion in making the fact-intensive determination of whether the defendant had a minor or minimal role. *See United States v. Boyd*, 291 F.3d 1274, 1277–78 (11th Cir. 2002); *Rodriguez De Varon*, 175 F.3d at 945. Although Mr. Hernandez-Estrada argues that he was a minimal participant based on his limited role in the conspiracy, the district court did not clearly err in determining that he was only a minor participant.

A minimal-role adjustment is intended for situations where the defendant lacks knowledge or understanding of the scope and structure of the enterprise. *See* U.S.S.G. § 3B1.2, cmt. 4. The evidence here showed that Mr. Hernandez-Estrada

manned the drug stash house for several months. Although Mr. Hernandez-Estrada worked primarily under the direction of a co-conspirator, he admitted responsibility for between five and fifteen kilograms of methamphetamine. He also assisted in loading and transporting drugs and currency, and was involved with some firearms. In light of these facts, the district court's decision to characterize Mr. Hernandez-Estrada as a minor participant was not clearly erroneous.

**AFFIRMED.**