[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12484
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20452-KMM-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 10, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Francisco Javier Diaz appeals his 120-month sentence, imposed as the statutory minimum, after pleading guilty to one count of conspiracy to possess with intent to distribute 1,000 or more marijuana plants, in violation of 21 U.S.C. § 846. On appeal, Diaz argues that 21 U.S.C. § 841(b)(1)(A)(vii)'s classification of 1,000 marijuana plants, regardless of their actual weight, as equivalent to 1,000 kilograms of marijuana, violates the Fifth Amendment.  He also contends the equivalency produced a cruel and unusual sentence in his case, in violation of the Eighth Amendment.   Furthermore, Diaz asserts the district court erred by denying safety-valve relief, under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a), and by applying a guideline enhancement for operating a marijuana grow house pursuant to U.S.S.G. § 2D1.1(b)(12).  Regarding the enhancement, he argues specifically that the district court lacked a sufficient factual basis and violated the Ex Post Facto Clause.  Upon review, we reject Diaz's arguments and affirm his sentence.

## I.    FIFTH AMENDMENT

Section 841 provides that a defendant convicted of a crime involving 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana will be sentenced the same as a defendant convicted of a crime involving 1,000 or more marijuana plants, regardless of weight.  21 U.S.C. § 841(b)(1)(A)(vii).  Both will be imprisoned for a minimum of ten years.  *Id.* Diaz argues this directive is arbitrary and violates the Due Process Clause of the

Fifth Amendment.  However, we have previously held that § 841's plant-drug equivalency has a rational basis.  *United States v. Osburn*, 955 F.2d 1500, 1506-09 (11th Cir. 1992).  Accordingly, this statutory sentence is not arbitrary and does not violate the Fifth Amendment, *see United States v. Solomon*, 848 F.2d 156, 157 (11th Cir. 1988), nor did the district court commit error by applying it.

## II.    EIGHTH AMENDMENT

Diaz argues his sentence violates the Eighth Amendment because it is cruel and unusual.  However, Diaz's sentence, as a statutory minimum, was necessarily within the statutory range, and such sentences are generally not cruel and unusual.  *See United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006); *see also United States v. Willis*, 956 F.2d 248, 250-51 (11th Cir. 1992) (holding that a mandatory minimum of life imprisonment under § 841(b)(1)(A) was constitutional); *United States v. Holmes*, 838 F.2d 1175, 1178-79 (11th Cir. 1988) (upholding § 841(b)(1)'s mandatory minimum).  Because Diaz's sentence is not grossly disproportionate to the offense committed, we conclude no Eighth Amendment violation occurred.  *See  Johnson,* 451 F.3d at 1243.

## III.    SAFETY-VALVE RELIEF

In the context of a district court's safety-valve decision, we review factual determinations for clear error and legal interpretations *de novo*.  *United States v. Poyato*, 454 F.3d 1295, 1297 (11th Cir. 2006).  The safety-valve statute, 18 U.S.C.

3

§ 3553(f), and U.S.S.G. § 5C1.2(a) instruct courts to sentence certain defendants without regard to the statutory minimum sentence when five conditions are met. At issue here is the final factor, which requires that, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).  The defendant bears the burden of coming forward and supplying truthfully "all the information that he possesses about his involvement in the offense, including information relating to the involvement of others," proving thereby his eligibility for relief under the safety-valve provision.[1]  *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).

The district court determined that Diaz failed to provide the government with all the information he had concerning the Santiesteban Drug Trafficking Organization (SDTO), and the record supports this determination.  A federal agent testified at the sentencing hearing that Diaz was not forthcoming during the safety-valve debriefing.  He substantiated his professional opinion with multiple examples from the debriefing of instances when Diaz would not admit to acts the government knew he committed or refused to provide information about events

---

[1] The district court did not err by misstating or misinterpreting the law relating to safety-valve relief.  Though the district court referenced religious confessions and the bearing of one's soul, it applied the proper legal standard by asking whether Diaz had established that he had been forthcoming and that he provided all the facts he had concerning his crimes.

until it was clear that the government already knew part of what happened. While the sentencing court cannot embrace the government's position without making its own assessment, the district court was clear that it was not "rubber stamping" the agent's testimony. *United States v. Espinosa*, 172 F.3d 795, 796-97 (11th Cir. 1999). It made its own assessment of the facts and decided to credit the agent's conclusions because the agent had 18 years of experience, had conducted 100 to 200 interviews related to the SDTO, and had examined police reports and gathered evidence from crime scenes. Regardless of whether some evidence may have also supported Diaz's view that, rather than being evasive, he simply did not have a fair opportunity to disclose what he knew during the briefing, a district court's choice between two reasonable interpretations of the evidence is not clearly erroneous. *United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999).

## IV.    GUIDELINE ENHANCEMENT

We have held that "where the minimum mandatory statutory sentence is higher than the guideline sentence, the mandatory statutory sentence controls." *United States v. Rice*, 43 F.3d 601, 608 (11th Cir. 1995). Given our conclusions above, Diaz is subject to a mandatory minimum sentence that exceeds his guideline range, and any favorable recalculation of his guideline range would have no effect on his sentence. Accordingly, we decline to examine his argument that the district court should have applied a lower guideline range.

5

**AFFIRMED.**

6